## B. E. CHAIN v. JOHN D. HART.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY.

Argued February 4, 1891—Decided March 2, 1891.

1. An affidavit of defence to an attorney's suit to recover for legal services and costs paid, denying evasively the plaintiff's employment, but admitting that his services were rendered, averring mismanagement and unskilfulness, but not stating wherein the mismanagement and unskilfulness consisted, is insufficient to prevent summary judgment.

2. Such a judgment, entered under a rule of court authorizing statements of claim to be filed, in appeals from the judgments of justices of the peace pending at the time of its adoption, and judgment to be taken fifteen days after service thereof on the defendant, for want of a sufficient affidavit of defence, is not irregular and void.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 81 January Term 1891, Sup. Ct.; court below, No. 155 March Term 1890, C. P.

On March 1, 1890, an appeal was entered by the defendant from a judgment of a justice of the peace for $298.23, in favor of B. E. Chain against John D. Hart.

On August 11, 1890, the plaintiff filed a statement of claim to recover the sum of $275, with interest, for legal services rendered, and the sum of $23.23, for money paid out for said defendant, in certain suits wherein William C. Hamilton & Son and the defendant were parties. The statement set forth the causes in which said services were rendered, the services and costs paid therein being itemized.

On August 23, 1890, the defendant filed an affidavit of defence, averring as follows:

" That the defendant never retained the said plaintiff, in and about the several suits mentioned in plaintiff's statement; the said plaintiff never was his counsel in the matters therein mentioned. That the said defendant did have, and still has, a claim of $10,000 against William C. Hamilton & Son, and that Mr. Charles Hunsicker was duly authorized counsel in said

matter, in the defendant's effort to collect the said claim against the said Hamiltons.

"That the defendant put into the hands of Mr. Hunsicker, his then counsel, all the necessary papers and facts concerning his claim against the said Hamiltons, when it became the duty of the said counsel, Mr. Hunsicker, as well as the duty of this plaintiff, in assuming to act as counsel for the said defendant, to exercise his skill, professionally, as well as his judgment, in instituting the proper and legal proceedings against the said Hamiltons, to collect his said claim of $10,000 against the said Hamiltons.

"That the said plaintiff, in assuming to act as his counsel, managed said prosecution of the said suits unskilfully and never did collect the said claim of $10,000, but by reason of said mismanagement, this defendant was put to great loss and damage, to wit, $10,000. That the said suits were improperly brought by the said plaintiff, and greatly hindered and delayed the said defendant in collecting his said claim now amounting to over $10,000; five years and more were fruitlessly consumed in the abortive attempts of this plaintiff in collecting said claim, by reason of the unskilfulness of this plaintiff.

"That said claim against the Hamiltons is still uncollected and is outstanding; that the services claimed for in the plaintiff's statement were worthless, the entire litigation was useless, because said plaintiff and his colleague had not used skilfulness, as attorneys, in performing the duties the said plaintiff had thus assumed.

"That the costs alleged to have been paid by the said plaintiff were by reason of said unskilfulness in bringing said suits, and this defendant is not liable therefor.

"The defendant further avers and says that the services in the statement claimed for were worthless, and said plaintiff failed entirely in collecting said claim. That the costs alleged to have been paid, were paid voluntarily and without any request of the said defendant, and that said defendant is not liable for the same.

"That this affidavit of defence, is not required to be filed under the rules of this court; that the rule of court was adopted subsequent to the time of filing the appeal in this case."

The rule of court referred to was a rule of the court below,

adopted June 7, 1890, authorizing statements of claim to be filed in appeals from justices of the peace pending at the time of its adoption, and, after fifteen days service thereof on the defendant, judgment to be taken for want of a sufficient affidavit of defence.

A rule for judgment for want of a sufficient affidavit of defence having been argued, the court, WEAND, J., on October 6, 1890, filed the following opinion and order :

The claim in this case is for services as attorney, rendered by plaintiff to defendant in certain legal proceedings pending in this court. It is not denied by the affidavit of defence that plaintiff performed the services, but it is contended that he is not entitled to judgment : (1) Because he was never employed; (2) because he acted unskilfully; (3) because his services were worthless.

An affidavit of defence, to prevail, must deny the equity of plaintiff's demand, and must not be argumentative or evasive. Even if defendant did not employ plaintiff, yet, if he recognized him as his attorney and accepted his services, he will be held to have admitted his employment and be liable therefor. It is not averred that the other counsel was alone to be paid, or that he had no authority to call in other counsel; and if plaintiff's services continued for several years, as defendant alleges, the law will assume that he was entitled to pay, unless defendant during that time gave him notice to the contrary.

The affidavit alleges that plaintiff managed the proceedings unskilfully; that by reason of said mismanagement the defendant was put to loss; that the suits were improperly brought, and that plaintiff did not recover the amount sued for. We are not informed in what the unskilfulness consisted, or how the case was mismanaged, or why the money was not recovered. A mere averment of these facts is not sufficient, without something to indicate in what they consisted, so that the court may judge whether the acts complained of are a defence in law. It may be that this is only the defendant's idea, without anything to base it upon; or merely his inference from his own construction of the law. The failure to recover may have been for good cause over which counsel had no control. An attorney is not liable, if he acts honestly and to the best of his ability : Lynch v. Commonwealth, 16 S. & R. 368.

Opinion of the Court.

Unless the affidavit avers facts from which the court can infer that the facts if proven would prevent a recovery, we cannot infer that in this case the plaintiff did not do his whole duty. It is not stated why the services rendered were worthless, except that "plaintiff failed in collecting said claim." As plaintiff's claim is not for a contingent fee, the failure to recover is not a defence.

That an attorney may recover on a quantum meruit for professional services, can no longer be disputed: Thompson v. Boyle, 85 Pa. 477 ; Gray v. Brackenridge, 2 P. & W. 75; and, as the action therefor is the ordinary one of assumpsit, it is governed by the affidavit of defence rules and the civil procedure act of 1887. The rules of court apply to this case, although the appeal was filed before their adoption. It was a suit pending; and the court could adopt such rules as might be necessary to a speedy settlement of the case, not infringing upon defendant's rights. To require him to file an affidavit of defence, was not depriving him of the right to a trial by jury, if he had a defence good in law.

And now, October 6, 1890, judgment is directed to be entered, in favor of plaintiff and against the defendant, for the amount of plaintiff's claim ; exception.

—Judgment having been entered in favor of the plaintiff for $329.66, the defendant took this appeal, specifying that the court erred :

1. In directing judgment to be entered for the plaintiff.
2. The judgment entered was irregular and void.
3. In not entering judgment for the defendant.

*Mr. H. U. Brunner*, for the appellant.

That the statement filed by the plaintiff was not within the affidavit of defence law, counsel cited: Atwood v. Caverley, 1 W. N. 82; Rogers v. Scullins, 2 W. N. 535; Meany v. Kleine, 3 W. N. 474 ; Endlich on Aff. of Def., 198 ; Hale v. Ard, 48 Pa. 22 ; Post v. Wallace, 110 Pa. 121.

*Mr. Henry Freedley*, for the appellee.

OPINION, MR. JUSTICE STERRETT :

In his "History of the Case," the defendant has furnished

Opinion of the Court.

us with what purports to be a history of the rule of court under which the judgment was entered. This was not only unnecessary, but wholly irrelevant to the single inquiry presented by the record, viz., whether defendant's affidavit discloses a sufficient defence to the plaintiff's claim. It is quite sufficient for us to know that a court, having full authority in the premises, adopted the rule, and that it was in force when the statement of claim and affidavit of defence were filed.

The suit was brought to recover for professional services rendered and money paid by the plaintiff for defendant. The statement of claim is in due form, and sufficiently sets forth a good cause of action, calling upon the defendant for a specific affidavit of defence, such as is required by the rule of court. After setting forth with sufficient fullness and precision the circumstances under which the services were rendered, etc., the plaintiff avers that defendant contracted to pay him such sum or sums of money as they were worth, and appends thereto an itemized statement of the services and their value, together with the items of costs and expenses paid by him for the defendant. In his affidavit of defence, the defendant, after evasively averring that plaintiff never was his counsel in the suits specified in the statement of claim, and asserting that he had and still has a claim of $10,000 against William C. Hamilton & Son, in which "Mr. Charles Hunsicker was his duly authorized counsel," admits that plaintiff was associated with Mr. Hunsicker in endeavoring to collect said claim. He then avers that plaintiff, in assuming to act as his counsel, managed the suits unskilfully, and never collected said claim; that said suits were improperly brought by plaintiff, and by reason of said mismanagement and unskilfulness defendant suffered great damage, etc. These allegations may be well enough, as far as they go, but they fall far short of what is required by the rule of court. The affidavit is silent as to wherein there was any mismanagement, or in what the alleged unskilfulness consisted, or why the claim was not collected. The defendant contented himself with drawing his own conclusions from facts withheld from the court, and therein consists the fatal defect of his affidavit. If the facts from which he drew his conclusions had been stated specifically, as the rule requires, the court might and probably would have reached a very different con-

clusion. Be that as it may, however, it was the exclusive province of the court to determine, from facts properly averred in the affidavit of defence, whether the plaintiff was or was not chargeable with either professional unskilfulness or mismanagement.

The action of the court in entering judgment for the plaintiff is so fully vindicated in the opinion sent up with the record that further elaboration is unnecessary. The first and second specifications are not sustained. The third specification is dismissed, for the reason that, in no event, would it have been proper for the court to have entered judgment for the defendant.

Judgment affirmed.