## Walter *v.* Fees, Appellant.

*Opening judgment—Discretion of court.*

In an application to open a judgment entered upon a warrant of attorney, a wide discretion must necessarily be exercised by the court below, and on appeal the Supreme Court will only reverse where this discretion has been abused.

Where, on such application, defendant testifies that the judgment was paid under an agreement by which he gave up his grocery business and went to plaintiff's saloon to act as a bartender, and the plaintiff denies the payment under the agreement, the Supreme Court will not reverse the decision of the lower court refusing to open the judgment.

Argued Jan. 3, 1893.　Appeal, No. 237, Jan. T., 1892, by defendant, Harry Fees, from order of C. P. No. 1, Phila. Co., June T., 1891, No. 335, refusing to open judgment.　Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Rule to open judgment upon a warrant of attorney for $200.

On the hearing of the rule defendant testified that plaintiff, a licensed saloon keeper, asked him to take charge of her saloon and manage it for her, which he refused to do, on the ground that he could not dispose of his grocery business; that several times after this she made the same request, and said to him that "whatever he would lose in the sale of his store, she would make good," and finally he was prevailed upon to sell out his store in consideration of her discharging his obligation to pay the judgment in question; that in pursuance of this agreement he sold out his grocery store, losing more than $200 in the sale, and went to work for plaintiff; that shortly afterwards plaintiff said to defendant's wife, showing her paper: "Katie, this is the note that you gave me; I might as well tear it up, as it is no good now, because everything is made right."

Plaintiff denied the terms of the agreement as stated by defendant, and averred that the note had never been paid.

Rule to open judgment discharged.

*Error assigned* was above order.

*M. J. O'Callaghan*, for appellant, cited, Milligan's Ap., 97 Pa. 525; Babcock v. Day, 104 Pa. 4; Wise's Ap., 99 Pa. 193; Wernet's Ap., 91 Pa. 319; Jenkintown Nat. Bk.'s Ap., 124 Pa. 337; Brown v. Morange, 108 Pa. 69; Yost v. Mensch, 141 Pa. 73.

*J. Peter Klinges*, for appellee, not heard, cited: Jenkintown Nat. Bank's Ap., 124 Pa. 337–343; Knarr v. Elgren, 19 W. N. 531; Applebee's Ap., 126 Pa. 385; Weigley v. Conrade, 132 Pa. 147; Gibson v. Simmons, 134 Pa. 190; Lomison v. Faust, 145 Pa. 8; Kelber v. Plow Co., 146 Pa. 485.

PER CURIAM, January 16, 1893:

This was an appeal from the refusal of the court below to open a judgment. In all such cases a wide discretion must necessarily be exercised by the learned judge of the court below. See Jenkintown National Bank's Appeal, 124 Pa. 337. We find no abuse of this discretion in the present case.

Judgment affirmed.