# King *v.* The Security Company, of Pottstown, Pa., Appellants.

*Practice, C. P.—Service of process—Surety companies—Act of March 22, 1911, P. L. 23—Statutes—Retroactive statutes—Assumpsit—Affidavit of defense—Insufficient averments.*

1. In an action of assumpsit to recover from a surety company the amount of a bond given by defendant to secure the faithful performance by a third party of a contract to furnish labor and materials, where the home office of defendant was located in a different county from the county in which the action was brought, and defendant was served under the provisions of the Act of March 22, 1911, P. L. 23, providing that in such cases the sheriff of defendant's county may be deputized to serve defendant, the court did not err in refusing to set aside the service although defendant had given the bond before the act was passed.

2. There is no vested right in any course of procedure; a party has only the right of prosecution or defense in the manner prescribed for the time being by or for the court in which he sues.

3. Where the affidavit of defense in such action contained nothing but a general denial that the contractors had broken their contract so as to render defendant liable, and stated no facts which constituted an adequate defense, judgment was properly entered for plaintiff for want of a sufficient affidavit of defense.

Argued April 28, 1913. Appeal, No. 316, Jan. T., 1912, by defendant, from judgment of C. P. Cumberland Co., Sept. T., 1911, No. 74, for plaintiff, for want of a sufficient affidavit of defense in case of H. L. King v. The Security Company of Pottstown, Pa. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Assumpsit on a surety's bond. Before SADLER, P. J.

The defendant petitioned for a rule to set aside the service of the writ, which after hearing was discharged, and defendant then filed the following affidavit of defense:

George N. Malsberger, being duly sworn according to

law, deposes and says that he is the president of the defendant company above named. That said company has a just and full defense to the plaintiff's claim in the foregoing action, and avers as follows:

First. That neither the said Willauer & Company nor the members of said firm of Willauer & Company at any time violated any of the provisions of the contract actually made between said Willauer & Company and the said plaintiff.

Second. That defendant is advised that since the cause of action set forth in the declaration filed by plaintiff is founded on alleged negligence that the same does not require any affidavit of defense thereto.

The defendant subsequently petitioned the court for a change of venue, or that another judge be called in to try the case, alleging that Judge SADLER had drawn the Act of March 22, 1911, P. L. 23, under which defendant had been served with the summons, that the attorney for the plaintiff, S. B. Sadler, Esq., was a son of Judge SADLER, and that the work under the contract to secure the performance of which the bond was given, "was really performed by Willauer & Company for the Mechanicsburg Gas & Water Company, of which the said S. B. Sadler is also the attorney, and that the petitioner is credibly advised, informed and verily believes, and therefore alleges and avers that WILBUR F. SADLER before he was elected judge was one of the attorneys for the Mechanicsburg Gas & Water Company."

Judge SADLER filed an opinion which after quoting the above allegation of the petition, continued as follows:

"This latter allegation is utterly untrue. The present judge was never concerned as an attorney for the Mechanicsburg Gas & Water Company in any litigation, nor in any matter whatsoever, although he was once employed in a suit against it. That the allegation is unpardonably false was shown by the fact that when the depositions were taken, not a scintilla of evidence, oral or written was offered to substantiate the same, nor any

to show that the one who drew the petition had been so informed by any one.

"The petition further avers that 'the said Act of Assembly of March 22, 1911, was personally prepared and drafted by the aforesaid Wilbur F. Sadler.'

"This was not true. The bill was not prepared or drafted by him. The depositions show that it was drafted by S. B. Sadler, and by him handed to C. P. Addams, Esq., with the request that he give it to some one to introduce it into the legislature, and that in pursuance of this request Addams handed it to Senator Manbeck for that purpose.

"Mr. Manbeck, when examined, deposed that 'he had previously stated in a letter to Mr. Swartz that some one of Carlisle had handed him the bill, and asked him to present it by request of Judge Sadler, but that whether he drafted the bill or not he could not say, but when examined under oath, stated that Mr. Addams, who handed him the bill said, it was by request of Judge Sadler or Sadler, but that upon investigation he found that the bill was prepared by S. B. Sadler, and not by Judge Sadler.'

"Mr. Addams, when examined, stated that 'his first impression was that the bill was handed him by Judge Sadler, but that thinking it over, "I would say it was handed to me either by Judge Sadler or his son S. B. Sadler." '

"Mr. S. B. Sadler, when on the stand, stated unequivocally and positively that 'the act was drawn by him, and that he consulted with Doctor Trickett of the Dickinson Law School, at whose suggestion certain changes were made; that it was never shown to W. F. Sadler before it was prepared, at the time of its preparation, or at the time of giving it to Mr. Addams.'

"In short, it is not true, as already stated, that Judge Sadler was ever concerned as attorney for the Mechanicsburg Gas & Water Co., as averred in the petition, and besides, there was no attempt to support the averment.

"It is not true, as already stated, that the Act of March 22, 1911, was prepared and drafted by him. He never handed the same to Mr. Addams, or requested him to give it to Mr. Manbeck, or any other senator, nor did he ever see the bill before its passage; nor do the depositions support the allegation.

"In his opinion, the bill is a proper and wise piece of legislation, following as it does in its provisions that of the Act of May 12, 1889, P. L. 198, providing for service upon insurance companies, but he had not the honor of framing it.

"The fact that his son is the attorney for the plaintiff is no legal ground on which to grant the prayer of the petitioner. Besides, this was well known to the attorney for the petitioner when the suit was instituted in 1911.

"The other matters set forth in the petition need no consideration here.

"The prayers of the petition are, therefore, refused, and the same will be dismissed."

Other facts appear in the opinion of the Supreme Court.

The plaintiff took a rule for judgment for want of a sufficient affidavit of defense, which was made absolute by the court. Defendant appealed.

*Errors assigned* were in refusing to set aside the service, in refusing to grant a change of venue, and in entering judgment for plaintiff for want of a sufficient affidavit of defense.

*G. Wilson Swartz,* with him *H. D. Saylor* and *E. E. Beidleman,* for appellant.

*S. B. Sadler,* for appellee.

OPINION BY MR. JUSTICE POTTER, June 27, 1913:

This is an appeal from a judgment entered for want

of a sufficient affidavit of defense. Suit was brought against the defendant as surety upon a bond given to secure the faithful performance of a contract to furnish labor and materials for the construction of a reservoir. The action was brought in Cumberland County, where the work was to be performed. The office of the defendant, and its principal place of business, is in Pottstown, Montgomery County, and the writ was served by the sheriff of that county, who was deputized for the purpose by the sheriff .of Cumberland County. This procedure was under the Act of Assembly of March 22, 1911, P. L. 23, entitled "An act relating to suits against corporations, upon bonds in which they have become surety, and the service of process in connection therewith." The contract in this case was made prior to the passage of the act, and for that reason it is contended that this suit does not come within the provisions of the statute. It will be noticed that in the title the reference is to bonds upon which the corporations "have become surety," and this we think indicates the legislative intent that the act shall apply to any suit brought upon a bond which had been issued at the date of its passage. Nor do we find anything in the body of the act which necessarily conflicts with this indication. The general rule of construction that legislation is to be given retroactive effect only when its language clearly requires such construction, is not questioned. But an exception to that rule obtains as to enactments which effect only procedure and practice of the courts. "No person has a vested right in any course of procedure, nor in the power of delaying justice, or of deriving benefit from technical and formal matters of pleading. He has only the right of prosecution or defense in the manner prescribed, for the time being, by or for the court in which he sues; and if a statute alters that mode of procedure, he has no other right than to proceed according to the altered mode. The remedy does not alter the contract or the tort; it takes away no vested right:"

Endlich on Interpretation of Statutes, 285. Another statement of the principle is this: "Statutes which are designed to change the mode of judicial procedure, where such change relates to the method of enforcing a right and does not affect the right itself, are construed to apply to causes of action which accrued before enactment as well as to those to accrue thereafter:" 26 Am. & Eng. Ency. Law (2d Ed.) 695. The purpose of this statute was purely remedial. It affected in no way any vested right of the defendant. It is in substance merely an extension to those wishing to bring suits against surety companies of the same convenient provisions for service of process that have been available for years in bringing suits in the county where the liability arises, against fire, life and accident insurance companies. We regard the statute as applicable to this case, and we think that the court below was entirely justified in refusing to set aside the service of the writ.

As to the application for change of venue, its foundation disappears in view of the findings of fact in relation thereto by the trial judge.

This leaves for consideration only the action of the court in entering judgment for want of a sufficient affidavit of defense. The action is assumpsit, and the claim is based upon a breach of contract. In the statement of claim it is averred that the plaintiff entered into a contract with certain persons by which they were to furnish labor and materials to construct a reservoir. That the defendant company became surety upon the bond of the contractors for the faithful performance of the work. That the work was not performed in accordance with the contract, and plaintiff after notice to the contractors to complete the work in accordance with their agreement, and their refusal to do so, had the work done at the lowest price obtainable, which was ten thousand dollars, which sum was paid by plaintiff. Thereupon the condition of the bond was broken, and the defendant as surety thereon became liable for the full amount of the

bond, eight thousand dollars, that being less than the amount paid by plaintiff to secure the completion of the work.    To the statement was appended a copy of the bond itself, with the contract thereto attached.    If the defendant wished to prevent judgment, it was then bound to file in answer to this statement, a sufficient affidavit of defense: Philadelphia & Reading R. R. v. Snowdon, 166 Pa. 236.    The paper filed by defendant, which it styled an affidavit of defense, is in no sense worthy of the term.    It amounts to nothing more than a general denial that the contractors violated the provisions of the contract actually made between them and the plaintiff.    This was not sufficient.    The affidavit should specifically state facts which constitute an adequate defense.    An affidavit which is merely argumentative, or which contains only inferences or conclusions of law, is bad.    "It is too well settled to need citation of authorities that the affidavit must contain all the facts necessary to make a legal answer to the claim, and that their omission cannot be supplied by possible inferences:" Class v. Kingsley, 142 Pa. 636.    Nor is it sufficient to aver merely that the contract was performed: Baum v. Union Surety, Etc., Co., 19 Pa. Superior Ct. 23.

Measured by these well established rules, it is clear that the affidavit in this case discloses no legal defense whatever.    Our judgment as to its insufficiency is in entire agreement with that of the learned judge of the court below.    The judgment was rightly entered, and is now affirmed.