## Commonwealth to use *v.* Amantea, Appellant.

*Affidavit of defense—Suit on appeal bond—Insufficient affidavit.*

In an action upon an appeal bond, where the surety sets up as a defense that the plaintiff had had the means of satisfaction of his judgment out of the real estate of the principal in the bond, potentially in his hands, an affidavit of defense is insufficient which merely avers that the plaintiff at the sale under his own execution bid an amount which would have fully satisfied his judgment, but that he had refused

to comply with his bid, and that the property had been resold for a much lower sum. Such an affidavit must state the claims which were liens upon the property, the amounts thereof, and the order in which they were entitled to priority of payment.

Argued April 16, 1914. Appeal, No. 54, April T., 1914, by defendant, from order of C. P. Allegheny Co., April T., 1913, Docket "A" making absolute rule for judgment for want of a sufficient affidavit of defense in case of Commonwealth to use of Maurice Joy v. Saverio Amantea. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit on an appeal bond.

The material averments of the affidavit of defense and statement of claim are set forth in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Alfred Cahen*, with him *A. L. Cramer*, for appellant, cited: Fast & Richey, 2 American L. J. 260; Lichtenthales v. Thompson, 13 S. & R. 157; Schuylkill v. MacAlester, 6 W. & S. 147; Stephens v. Monongahela Nat. Bank, 88 Pa. 157.

*Thomas L. Kane*, for appellee, cited: Pepper v. Deakyne, 212 Pa. 181; Freeman v. Husband, 77 Pa. 389; Smith v. Wilson, 152 Pa. 552; Peck v. Whitaker, 103 Pa. 297.

OPINION BY PORTER, J., July 15, 1914:

This is an action upon a bond given upon an appeal to this court in the case of Maurice Joy v. Frank Amantea, the bond being signed by said defendant with Saverio Amantea as surety, the condition of the bond being that the appellant should prosecute his appeal with effect and pay all costs and damages awarded by

the appellate court which are legally chargeable against him. The judgment was in that case affirmed and the liability of the defendant and his surety upon the bond became fixed. The plaintiff having filed a statement, to which a copy of the bond was attached, averring facts necessary to fix the liability of the defendant, further averred that the only amount which had been paid on the judgment was the sum of $220.54, that the defendant on the original judgment had died, and that this appellant, the surety, was liable upon the bond for the entire balance unpaid upon the judgment. The defendant filed an affidavit of defense, which admitted all the facts necessary to fix his liability on the bond, and that the only amount actually paid upon the judgment was as set forth in plaintiff's statement, but attempted to allege a defense upon the ground that the plaintiff had had the means of satisfaction of his judgment, out of the real estate of the original defendant and principal in the bond, potentially in his hands. The court below held the affidavit of defense to be insufficient and made absolute a rule for judgment. The defendant appeals from that order.

The defense which the appellant attempted to assert in his affidavit was as follows: "The defendant avers that Maurice Joy, the plaintiff, issued an execution upon the aforesaid judgment at D. S. B. No. 98, Third Term, 1909, and that upon the issuance of said writ of pluries fi. fa. No. 66, Third Term, 1911, various parcels of real estate belonging to Frank Amantea, the defendant in the judgment . . . . were sold by the sheriff as follows, viz.: On Monday, July 3, 1911, the sheriff sold the first described piece of property in the writ, to the plaintiff, Maurice Joy, for the sum of $2,100, and on Saturday, July 8, 1911, the sheriff sold the second described piece of property in the writ to Maurice Joy, the plaintiff, for the sum of $700, and on the same day sold the third described piece of property to Raphael Amantea, for the sum of $200, and the same day Maurice Joy, the

plaintiff in said writ, stayed the writ as to the fourth piece of property; said prices of $2,100 and $700, the amounts of the plaintiff's bids for the first and second described pieces of real estate, being highest and best bids for the same. The defendant avers that the amount bid for said properties would have fully satisfied the judgment of the plaintiff, Maurice Joy, against Frank Amantea at D. S. B. No. 98, Third Term, 1909, for whom the defendant, Saverio Amantea, became surety." The affidavit further averred that the plaintiff failed to comply with said bids, although requested to do so by the sheriff; and that "thereafter, upon a writ of lev. fa. No. 796, April Term, 1912, all of the real estate of the said Frank Amantea was sold, and that there only remained the sum of $220.54 applicable and distributed to the plaintiff on account of his judgment."

The allegation of the affidavit that the amount bid for said properties would have fully satisfied the judgment of the plaintiff, Maurice Joy, against Frank Amantea involves mixed questions of law and fact. What claims were liens upon the real estate of Frank Amantea and what was the order in which they were entitled to priority of payment? Were these claims ordinary judgments which would take priority as of the date of their entry? Were there included in these claims any mechanics' liens or municipal claims, which might be entitled to priority in payment over judgments which were entered prior to the date of the filing of the claims? This assertion of the affidavit was, therefore, the mere assertion by this defendant of his own conclusion of law. Conclusions of law are for the court, and if a defendant desires that they should be drawn in his favor he should put the court in possession of the facts from which they are to be drawn: Chain v. Hart, 140 Pa. 374; Kaufmann v. Cooper Iron Mining Co., 105 Pa. 537; Moore v. Susquehanna, etc., Fire Insurance Co., 196 Pa. 30; Andrews v. Blue Ridge Packing Co., 206 Pa. 370; King v. The Security Co., 241 Pa. 547. The defendant, in order to

make this defense available, was required to state the claims which were liens upon the property of Frank Amantea, the amounts thereof, and the order in which they were entitled to priority of payment. He failed to do this, and the learned judge of the court below correctly held the affidavit of defense to be insufficient.

The judgment is affirmed.