## George, Appellant, *v.* George.

Argued January 23, 1935. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Thomas J. Mullaney,* of *Hirst & Mullaney,* for appellant.

*William A. Gray,* for appellee.

OPINION BY MR. JUSTICE MAXEY, April 1, 1935:

This is an appeal from an order of the court below making absolute a rule to open judgment. A note bearing date of February 26, 1929, was executed by Mary George, since deceased, in the sum of $4,000, in favor of the plaintiff who was one of her sons. The petition averred "that no right, interest, profit or benefit has moved from the plaintiff to the defendant nor to the defendant's estate nor has the plaintiff surrendered any right, suffered any detriment or loss or assumed any responsibility in consideration of the execution of the judgment by the defendant." It was further averred "that there has been a failure of consideration in that the purpose of executing the note was in case one Elias George, a son of the deceased defendant and brother of the petitioner, should set aside, through legal proceedings, the will of the deceased defendant and said plaintiff John George would then be in a legal position to enforce a claim against the estate of his deceased mother and to circumvent and nullify the operation of the intestate laws of the Commonwealth of Pennsylvania." It was also averred "that the will of Mary George . . . has been duly probated and letters testamentary were granted on the 15th day of July, 1932, and that no appeal has been taken from the granting of the said testamentary [letters]." The petitioner then averred "that the purpose of the execution of this note has been rendered nugatory and there has been a failure of consideration."

In his answer plaintiff denies the materiality of some of the allegations and baldly or generally denies the allegation as to failure of consideration and avers "that the

estate of Mary George is indebted to plaintiff for the full amount of the principal of the note together with interest and legal costs thereon." The court below declared this averment of a good and valid consideration to be "merely a conclusion of law without facts to support that conclusion," and said: "It has repeatedly been held that while it is not necessary to set forth in a pleading the evidence by which facts are to be proved, it is essential that such facts as the pleador relies upon to show liability sought to be enforced, shall be averred: Frey v. Dougherty, 286 Pa. 45 [132 A. 717]."

Proceedings opening a judgment are an appeal to the equitable powers of the court (see Troubat & Haly's Practice, volume 1, 6th ed., page 86, and Gallup v. Reynolds, 8 Watts 424), and an answer to a rule to open a judgment is analagous to and subject to much the same pleading requirements as an answer to a bill in equity. Equity Rule 52 provides that "it shall not be sufficient for defendant in his answer to deny generally any of the averments of the bill; he must specifically admit, deny or qualify, in the latter event particularly setting forth of what the qualification consists."

There is also an analogy between the requirements of an answer to a petition to open judgment and the requirements of an affidavit of defense, for what is inadequate pleading in one form of action is likely to be inadequate pleading in another. Good pleading requires that the opponent be sufficiently apprised of what he has to meet. The strict rules of pleading are not favorable to and if obeyed are not productive of surprises at the trial. As to affidavits of defense, the Act of May 14, 1915, P. L. 483, section 8, as amended by the Act of April 22, 1929, P. L. 627, section 1 (see 12 P. S., section 390, page 384) declares that "to deny generally the allegations" or either the statement of claim or a set-off, or new matter, "shall not be sufficient," and requires that ". . . each party shall answer specifically each allegation of fact of which he does not admit the truth, except as provided in sections

7 and 13." See Fulton Farmers' Assn. v. Bomberger, 262 Pa. 43, 104 A. 805. General denials or inadequate petitions to open a judgment are merely legal conclusions and are not specifications of particulars from which legal conclusions may be drawn. This court held in King v. The Security Co. of Pottstown, 241 Pa. 547, 88 A. 789, that where an affidavit of defense contains nothing but a general denial, this is not sufficient. "The affidavit should specifically state facts which constitute an adequate defense." See also Dempsey et al. v. Connelly et al., 314 Pa. 245, 171 A. 613.

On an application to open a judgment entered upon a warrant of attorney, a wide discretion must necessarily be exercised by the court below, and on appeal the Supreme Court will only reverse where this discretion has been abused: Walter v. Fess, 155 Pa. 55, 25 A. 829. See also Jenkintown Nat. Bank's App., 124 Pa. 337, 17 A. 2. In Kaier Co. v. O'Brien, 202 Pa. 153, 51 A. 760, this court said: "An application to open a judgment entered on a warrant of attorney is addressed to the equitable powers of the court and on appeal the question is whether there has been a rightful exercise of discretion." In the instant case, in view of the want of specific denial of the material averments of the petition to open judgment, we find no abuse of discretion in the court below.

The judgment is affirmed.