William **FLAHERTY**

v.

**UNITED ENGINEERS & CONSTRUCTORS, INC.**

and

**Lorain Shovel Company.**

Civ. A. No. 25200.

United States District Court
E. D. Pennsylvania.

Feb. 27, 1961.

662

Herman Bloom, Irvin Siegel, Philadelphia, Pa., for plaintiff.

John J. McDevitt, 3rd, Philadelphia, Pa., for United Engineers & Constructors, Inc.

Thomas E. Comber, Jr., Philadelphia, Pa., for Lorain Shovel Co.

BIGGS, Circuit Judge.[*]

The plaintiff, Flaherty, a citizen of Pennsylvania, sustained injuries in an accident which occurred on June 12, 1957 and instituted the suit at bar by summons and complaint on August 14, 1958. Jurisdiction is based on diversity and jurisdictional amount. On July 22, 1959 an attempt was made to bring the defendant, Lorain Shovel Company,[1] a foreign corporation, incorporated under the laws of Ohio, into court by serving an *alias* summons together with the complaint on the Secretary of the Commonwealth of Pennsylvania.

At the time of the occurrence of the injuries complained of, viz., on June 12, 1957, subsection C of Section 1011 of the Pennsylvania Business Corporation Act, 15 P.S. § 2852–1011, subd. C was in effect. Subsection C was deleted from the statute, however, on July 11, 1957 by P.L. 711, Section 1. It was reenacted on November 10, 1959. P.L. 1406, Section 1. It is conceded by Lorain that if subsection C was in effect on July 22, 1959 that service on Lorain *via* the Secretary of the Commonwealth was valid for it would then have been doing business within

Pennsylvania and would have been amenable to process. See Florio v. Powder Tool Corp., 3 Cir., 1957, 248 F.2d 367 and Rule 4(d) (7), Fed.R.Civ.Proc., 28 U.S.C.

Lorain has moved to dismiss the complaint as to it under Rule 12(b), asserting that the court has no jurisdiction over it. This motion is presently before us for disposition.

Subsection C was not a part of the law of Pennsylvania at the time of the service upon the Secretary of the Commonwealth of Pennsylvania. It is the contention of the plaintiff that because subsection C was in effect at the time of the occurrence of the injuries to him on June 12, 1957, it was in legal effect at the time of the *alias* summons on the Secretary of the Commonwealth on July 22, 1959,. two years and eleven days after its deletion from the statutory law of Pennsylvania. The plaintiff cites no authority for this proposition and we can find none.

The plaintiff's position is without merit. The issue involved was decided adversely to his contention in Segal v. E. L. Bruce Co., C. P. Montgomery Co., 1959, 21 Pa.Dist. & Co.R.2d 43, 51. The Court there said: "Plaintiff contends that his cause of action arose during the effective period of the 1951 act and that even though he instituted suit after the effective date of the 1957 act he is entitled to have this case ruled by the law applicable under the 1951 amendment. This is not so. The question is one of service and jurisdiction. Service is procedural and in the absence of the amending statute preserving the method of service it no longer exists. When jurisdiction of a cause depends upon a statute, the repeal of the statute without reservation deprives the court of all jurisdiction which the statute had conferred."

The same issue was decided in Lolli v. Mack Truck, Inc., D.C.E.D.Pa.1958, 170 F.Supp. 671, 674. In that case the accident had occurred prior to the 1957 dele-

---

[*] Specially designated.

[1] The correct name of this defendant is Thew Shovel Company. The defendant, however, makes no issue as to misnomer..

tion of subsection C and the suit was commenced after the deletion. Judge Welsh said: "We need not decide whether or not under said Act [subsection C] the Pennsylvania activities of the defendant * * * constitute the doing of business, for said Act was further amended by Act No. 370, effective September 1, 1957, by the deletion of subparagraph C 1957, P.L. 711. By this latter amendment Pennsylvania, we think, reverted to the 'solicitation plus' doctrine."

The two authorities cited are persuasive but even if they were not before us we would reach an identical conclusion. Jurisdiction of a foreign corporation for purposes of suit must be effected in accordance with the state law in effect at the time service is made. When the Pennsylvania legislature deleted subsection C in 1957 it created no express reservation as to any cause of action existing at the time of the deletion. By its plain terms, therefore, Section 2852–1011, as amended, was applicable to any service of process attempted after July 11, 1957, regardless of when the alleged cause of action accrued. But the plaintiff in substance claims a vested right under the repealed service statute. It cannot be denied that the deletion of subsection C altered an aspect of existing rights of action but it is equally clear that there was not that type of modification which could lead this court to construe the deletion to apply only prospectively; i. e., to apply only to causes of action which accrue on or after the date of the deletion and not to causes of action that might have accrued prior thereto. See Mississippi Publishing Corp. v. Murphree, 1946, 326 U.S. 438, 445–446, 66 S.Ct. 242, 90 L.Ed. 185. A service statute does not create rights and duties which govern the pre-litigation conduct of the parties, but is concerned primarily with the power of the court to adjudicate ripened disputes.

We will not, however, now grant Lorain's motion to dismiss. At the time of the argument on the motion we stated that for the convenience of the parties we would rule on the question of whether subsection C was available to the plaintiff and that if the court decided it was not available, as we have now done, we would allow a reasonable time for the plaintiff to take the deposition of a representative of Thew Company. A period of forty days from the date of this opinion and the order which accompanies it will be granted to the plaintiff to take this deposition or any other which it may choose to take in support of the proposition that Lorain (Thew Shovel Company) was doing business in Pennsylvania on July 22, 1959. The disposition of the motion to dismiss the complaint as to Lorain will be held in abeyance until, but only until, the time stated has elapsed.