## Senowiat v. Colonial Supply Co.

*Donald W. Bebenek*, for plaintiff.

*Howard K. Hilner*, for defendants.

BROWN, J., July 29, 1971.—The matter before this court is the preliminary objection of Desmond-Stephan Manufacturing Company to the service of the complaint of the original defendant, Colonial Supply Company.

This action arises out of an accident which allegedly occurred on September 26, 1968, when a grinding wheel operated by plaintiff, Walter Senowiat, fragmented and injured him. Plaintiff, an employe of Duer Spring Manufacturing Company at the time of the accident, filed suit against defendant, Colonial Supply Company, a Pennsylvania corporation, which sold the grinding wheel to Duer. The complaint was filed on July 30, 1968, and served upon defendant on August

2, 1968, alleging that the grinding wheel was defective and that defendant was negligent in various respects, including the manufacture, inspection and testing of the grinding wheel.

Subsequently, Desmond-Stephan Manufacturing (Desmond) and DeGraff Foundry Company (DeGraff), both Ohio corporations, were joined as additional defendants through service of a copy of the praecipe and complaint of defendant by registered mail on September 11, 1968, and pursuant to section 1011B of the Business Corporation Law, 15 PS §2011B. It is therein alleged that DeGraff manufactured the grinding wheel in question and that Desmond sold it to defendant.

Desmond filed preliminary objections to the service of defendant's complaint on September 30, 1968, averring that it "does not do business in Pennsylvania" and requesting that Desmond be dismissed because of lack of jurisdiction and insufficiency of service of process.

The parties to this preliminary objection, the original defendant, Colonial Supply Company and the additional defendant Desmond agree on the following facts.

1. Plaintiff's complaint was filed on July 30, 1968, and served on the original defendant on August 2, 1968.

2. The original defendant's complaint was filed September 6, 1968, and served upon the additional defendant by registered mail on September 11, 1968.

3. The 1968 amendment to section 1011C of the Pennsylvania Business Corporation Law, 15 PS §2011, became effective on August 20, 1968, and provides that the shipping of products either directly or indirectly into Pennsylvania shall be considered "doing business" within the meaning of the Act.

4. Statutes relating to the service of process are procedural.

Desmond contends that the original defendant has not placed upon the record proof that it is doing business in Pennsylvania and, therefore, the preliminary objection must be sustained.

In response to this contention, the original defendant refers to paragraph 5 of defendant's complaint, which was subject to an affidavit by the executive vice president of defendant and which alleges as follows:

"5. The said grinding wheel properly identified as a cutter, had been sold by the Desmond-Stephan Manufacturing Company to the defendant and had been shipped directly from the Desmond-Stephan Manufacturing Company to the employee of the plaintiff, Duer Spring & Manufacturing Company, McKees Rocks, Pennsylvania."

The same information was supplied in the original defendant's answer to plaintiff's interrogatory no. 3, which answer was also under oath by the executive vice president of defendant.

It is not necessary for us to determine the truth of defendant's allegations. Our purpose is to find allegations, subject of course to proof, which will support the claim that Desmond was doing business in Pennsylvania. We note that the fifth paragraph of defendant's complaint alleges a single act of shipping into Pennsylvania.

Section 1011C of the Business Corporation Law, 15 PS 2011C, as amended in 1968, and effective as of the 20th of August 1968, provides as follows:

"C. For the purposes of determining jurisdictions of courts within this Commonwealth, the doing by any corporation in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such

acts, shall constitute 'doing business.' For the purposes of this subsection the shipping of merchandise directly or indirectly into or through this Commonwealth shall be considered the doing of such an act in this Commonwealth": As amended July 20, 1968, (No. 216), sec. 54, effective in 30 days.

The last sentence of this section clearly indicates that the shipping of merchandise into Pennsylvania would be sufficient to support a finding of Desmond's doing business in Pennsylvania only if section 2011C of the Business Corporation Law, as amended in 1968, would apply to Desmond in the instant case.

Therefore, the pivotal question to be determined on deciding this preliminary objection is whether the 1968 amendment to section 2011C of the Business Corporation Law applies to Desmond in the instant case where the original complaint was filed and served prior to the effective date of the 1968 amendment to section 2011C and the additional defendant Desmond was served after the effective date of said amendment.

The parties agree that the issue presented by the preliminary objection involves a procedural matter. The Pennsylvania Supreme Court stated in Kilian v. Allegheny County Distributors, et al., 409 Pa. 344, 185 A.2d 517 (1962), that substantive rights are settled as of the time that the cause of action arises, while rights in procedural matters, such as jurisdiction and service of process, are determined by the law in force at the time of the institution of the action. Accord, Frisch v. Alexson Equipment Corp., et al., 423 Pa. 247, 224 A.2d 183, (1966); Sussman v. Yaffee, et ux., 443 Pa. 12 (1971).

Desmond contends that the validity of service upon it is determined by the law in effect at the time the *original* suit was instituted, that being no later than August 2, 1968, the date of service upon the original defendant. Under this theory, the 1968 amendment of

section 2011C would not be applicable, since its effective date is August 30, 1968, and the single act of shipping of products into Pennsylvania would not constitute "doing business" under the prior section 2011C; thereby rendering the service of process by the defendant invalid.

The original defendant relies upon the case of Myers v. Mooney Aircraft, Inc., 429 Pa. 177, 240 A.2d 505 (1967). In Myers, the complaint was filed four days prior to the 1963 amendment of section 1011C (15 PS §2011C) of the Pennsylvania Business Corporation Law. The 1963 amendment broadened and liberalized the definition of "doing business" and would allow service of process upon the foreign-corporation-defendant. Service of the complaint was made nine days after the effective date of the 1963 amendment. The Supreme Court held that the validity of service was to be determined under section 1011C of the 1963 amendment to the Business Corporation Law, apparently adopting language from the case of Flaherty v. United Engineers & Constructors, Inc., 191 F. Supp. 661 (1961), that the validity of the service on a foreign corporation should be determined under the statute in existence at the time of service.

It appears clear to this court that the ruling of the Supreme Court in Myers controls cases in which changes in the definition of the term "doing business" as it is used in section 1011C occur between the filing of the complaint and the service thereof.

However, Desmond contends, as stated previously, that the crucial date is that when service of process was made in the *original* suit, August 2, 1968, which is prior to the effective date of the 1968 amendment to section 1011C of the Business Corporation Law. This court disagrees.

In Myers, supra, the Pennsylvania Supreme Court

referred to the case of King v. The Security Co. of Potts-town, 241 Pa. 547, 88 Atl. 789 (1913), and quoted the following with approval at page 183:

"The general rule of construction that legislation is to be given retroactive effect only when its language clearly requires such construction, is not questioned. But an exception to that rule obtains as to enactments which effect only procedure and practice of the courts. 'No person has a vested right in any course of proce-dure, nor in the power of delaying justice, or of deriv-ing benefits from technical and formal matters of pleading. He has only the right of prosecution or de-fense in the manner prescribed, for the time being, by or for the court in which he sues; and if a statute alters that mode of procedure, he has no other right than to proceed according to the altered mode. The remedy does not alter the contract or the tort; it takes away no vested right.' Endlich on Interpretation of Statutes, 285. Another statement of the principle is this: 'Statutes which are designed to change the mode of judicial pro-cedure, where such change relates to the method of en-forcing a right and does not affect the right itself, are construed to apply to causes of action which accrued before enactment as well as to those to accrue there-after': 26 Am. & Eng. Ency. Law (2d Ed.) 695. The pur-pose of this statute was purely remedial. It affected in no way any vested right of the defendant. See also: Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 445, 446, 66 S. Ct. 242 (1946); Flaherty v. United Engineers & Constructors, Inc., 191 F. Supp. 661, 662, 663 (1961)."

In reading this language, together with ruling in Myers, this court is drawn to the conclusion that the time for determining the validity of service upon an additional defendant occurs when service upon the ad-ditional defendant is rendered, and not when the

original suit was instituted. To conclude otherwise would result in a finding contrary to the Myers case and the authorities cited therein. Therefore, this court holds that the validity of service upon Desmond is to be determined under the 1968 amendment to § 1011C of the Pennsylvania Business Corporation Law.

The 1968 amendment being applicable, the only statutory requirement necessary for a finding that Desmond was "doing business" in Pennsylvania, as both parties agree, is that Desmond shipped merchandise into Pennsylvania. This fact is properly alleged in the original defendant's complaint and is to be determined at trial.

For the reasons stated, the preliminary objection of the additional defendant, Desmond, is overruled.

### ORDER OF COURT

And now, July 29, 1971, after oral argument, submission of briefs and careful consideration thereof, the preliminary objection of Desmond-Stephan Manufacturing Company is overruled, and said company is given 20 days to file any responsive legal pleadings that it may desire.