# Frey et al., Appellants, v. Dougherty et al.

*Equity — Equity practice — Pleading — Parties — Contract for work on church—Ratification.*

1. While it is not necessary to set forth in a pleading the evidence by which facts are to be proved, it is essential that such facts as the pleader depends upon, to show liability sought to be enforced, shall be averred.

2. A bill in equity, naming as defendants, a Roman Catholic Cardinal as trustee of real estate of a church, the church itself, an associated beneficial association, and the individual officials of the church association, and praying for a decree to enforce against the church building payment for work and material, is fatally defective if it fails to aver that the work was ordered or authorized by any of the defendants named, or that there was any ratification of it by the defendants, or acceptance of it equivalent to ratification.

*Appeals—Standing on bill—Amendment—Equity.*

3. Where appellants stand on their bill in equity as filed, until long after final decree and appeal taken, it cannot be held that the court below erred in refusing to allow them to amend the bill.

Argued February 1, 1926. Appeal, No. 72, Jan. T., 1926, by plaintiffs, from decree of C. P. Northampton Co., Feb. T., 1924, No. 1, dismissing bill in equity, in case of John O. Frey and Monroe M. Frey, trading as Frey Brothers, v. Most Reverend Dennis J. Dougherty, Archbishop of the Diocese of Philadelphia, Our Lady of Hungary Church of Northampton, Pa., et al. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill to declare a trust and enforce against a church building payment for work and material. Before STEWART, P. J.

The opinion of the Supreme Court states the facts.

Bill dismissed. Plaintiffs appealed.

*Errors assigned* were decree, and refusal of amendment of record.

*William H. Schneller,* with him *Herbert F. Laub* and
*Dallas Dillinger, Jr.,* for appellants.

*E. J. Fox,* of *E. J. & J. W. Fox,* with him *E. C. Nagle*
and *Daniel Donoghue,* for appellees.

PER CURIAM, March 15, 1926:

A bill in equity was filed in the court below alleging
that the parish of Our Lady of Hungary Church, named
as defendant, included certain described properties, the
title to which was vested in the Most Reverend Cardinal
Dennis J. Dougherty (also named as defendant) as
Archbishop of the Roman Catholic Church for the Dio-
cese of Philadelphia; that Lewis Cornfindt and others
named as defendants were officers or leading members
of the church in question and of a certain beneficial so-
ciety, likewise named as defendant; that Paul Repchik,
named as a defendant, was the priest of defendant par-
ish; that plaintiffs, "being duly authorized thereto,"
made repairs and improvements to the property of de-
fendant church, while such property was "in the enjoy-
ment of the lay members of said church," part of which
property had since been conveyed by defendant Dough-
erty, in whom title was vested as dry trustee, to the
before-mentioned beneficial society, who "enjoyed and
possessed the benefits of plaintiffs' improvements and
repairs"; that a named balance remained due and un-
paid to plaintiffs for the work and materials furnished
by them; that plaintiffs endeavored to collect this balance
by separate actions at law against Rev. Bernard Som-
ers, a former priest of defendant church, and defendant
Dougherty, but, on the trial of these actions, compulsory
nonsuits were entered in both cases.

Plaintiffs prayed (1) that Cardinal Dougherty be
decreed a dry trustee for the real estate described in the
bill; (2) that the absolute ownership of this property
be decreed to be vested in the congregation of defendant
church and in the beneficial society, respectively; (3)

that payment of the sum sued for, with interest, be decreed to be made by defendants to plaintiffs; (4) that the real estate in question be impressed with a trust in favor of plaintiffs for the amount claimed by them; (5) that judgment be entered in favor of plaintiffs for the amount named, with interest, and that this judgment be decreed to be a lien against the aforesaid real estate; (6) that this real estate be permitted to be sold under execution to satisfy plaintiffs' claim.

Each defendant and the representatives of the class defendants filed separate answers in the nature of demurrers, assigning as causes for demurrer, inter alia, that the bill did not aver any contract or agreement with defendants entitling plaintiffs to the relief sought, nor show other grounds of liability in the premises on the part of defendants or any of them.

It appears that the actions of assumpsit were brought in 1920; that, more than a year after the before-mentioned nonsuits were entered, in December, 1923, the present bill in equity was filed, on the theory that the proper mode of suing unincorporated associations was to institute a proceeding in equity against some of the members, and, after judgments, to compel the named defendants to see that the treasury of the association paid the claim in suit,—in other words, to proceed as one would against an unincorporated beneficial association (see Wolfe v. Limestone Council, 233 Pa. 357); the demurrers were filed in January, 1925, and were sustained in due course; in July, 1925, plaintiffs took this appeal; and in December, 1925, more than six months after the appeal they asked leave of the court below to amend their bill, which was refused; they now assign this refusal and the dismissal of the bill as error.

Since appellants stood on their bill as filed until long after final decree and an appeal to this court, it cannot be held that the court below erred in refusing to allow the proposed amendment; neither can it be held that the court erred in dismissing the bill.

The bill does not show that either Cardinal Dougherty, Archbishop of the Diocese, or Rev. Paul Repchik, priest of the parish, incurred or assumed, directly or indirectly, any liability for the items in suit; and, though the bill states several times that plaintiffs were "duly authorized" to do the work in question, it does not aver that this authorization was given by any of the defendants or by anyone acting for them, or by whom it was given; nor does it aver that the one who ordered the work and material was empowered so to do by any of the defendants or by any one acting for them, much less that such authority was given in duly assembled meeting of the congregation or of the unicorporated association named as defendants. The indications on the record are that a former priest of the parish, the Rev. Bernard Somers, who is not named as a defendant, was the one with whom plaintiff dealt, and nothing is said as to his authority.

Finally, while plaintiffs suggest that they might stand upon the theory of ratification, it cannot properly be contended that the bill was so drawn. Mere knowledge of individual members of the church that the work in question was being done would not constitute an acceptance thereof or ratification by the parish or by the other unincorporated associations of an agreement to pay for it; nor would the fact that,—after the work was merged into the buildings occupied by the congregation or by the unincorporated association,—the conveniences thus afforded were incidentally used, be sufficient to show ratification which would raise a legal liability against any of those here named as defendants, or subject the property to a lien for the price thereof.

While it is not necessary to set forth in a pleading the evidences by which facts are to be proved, it is essential that such facts as the pleader depends upon to show the liability sought to be enforced shall be averred, and this the plaintiffs have failed to do; hence we cannot hold that the court below erred in dismissing their bill.

The decree is affirmed at cost of appellants.