## Irvine v. May Oil Burner Corporation et al.

*Paul W. Knox*, for plaintiff; *Philip Werner Amram*, for garnishee.

ALESSANDRONI, J., July 29, 1932. — A writ of foreign attachment having issued against May Oil Burner Corporation, a foreign corporation, attaching, among others, May Oil Burner Company of Philadelphia as garnishee, the latter on December 18, 1931, took a rule to show cause of action and why attachment should not be dissolved. At the argument on January 15, 1932, observing that the affidavit of cause of action was insufficient, leave was granted plaintiff to file an amended affidavit and the rule discharged. On March 10, 1932, the court entered a formal order accepting an amended affidavit in place of the original and discharging the rule. Subsequently the garnishee, observing the amended affidavit to be likewise defective, ordered the case for argument, under the misapprehension that the rule was still open. The plaintiff, believing a new rule to dissolve had been granted, appeared and argued in support of the amended affidavit. Thereupon, on April 4, 1932, the court, by Lamberton, J., filed its opinion, dissolving the attachment because of the insufficiency of the amended affidavit. The garnishee then obtained a rule for leave to file a second amended affidavit of cause of action, with which we are now concerned. In order that the record might conform to what the parties believed and acted upon, we have granted a petition allowing a rule on the plaintiff to dissolve upon the original amended affidavit nunc pro tunc.

The question fairly before us, therefore, is whether or not the plaintiff shall be permitted to file his third affidavit of cause of action. Plaintiff still contends that an affidavit in foreign attachment need not contain averments sufficient to sustain a legal claim as in a statement of claim. With this we cannot agree. See Frankel v. Donehoo et al., 306 Pa. 52, wherein Justice Kephart stated: "One who desires to use a foreign attachment must by his pleadings bring himself within the requirements of such remedy. He must state a good cause of action with certainty so that the party whose goods are seized may know the reason therefor. The statement must not be ambiguous or depend on conjecture or inference," etc.

The more interesting question, however, is whether under the facts before us the plaintiff is entitled as a matter of right or in the sound discretion of the court to the allowance of a second amendment after full and fair hearing on two affidavits and an opinion filed. Early in our judicial history amendments to such an affidavit were not permitted: Eldridge v. Robinson, 4 S. & R. 548. The foundation of the writ should be carefully and exactly laid: Frankel v. Donehoo et al., supra.

The question of the allowance of amendments lies in the sound discretion of the court: Jackson, Assignee, v. Conneautville Borough School District, 280 Pa. 601; Frey et al. v. Dougherty et al., 286 Pa. 45; Berlin Smokeless Coal and Clay Co. et al. v. Rohm et al., 272 Pa. 24. The original affidavit of cause of action was defective, and upon application to the court the plaintiff was allowed to file an amended affidavit. The discretion of the court, however, cannot be exercised without limit in favor of one who has neglected on several occasions to protect his rights. To allow amendments without limit would penalize the defendant and garnishees, and would result in a wholesale disregard of our rules of court. The plaintiff did not see fit to protect his rights in properly filing his original affidavit of cause of action, and this court granted him leave to file an amended affidavit. The plaintiff then complied and chose to stand upon the merits of his amended pleading. As the pleading was defective, the rule to dissolve the attachment was made absolute. More than two months later, the plaintiff sought leave to again amend his affidavit of cause of action. It requires no discussion to justify the conclusion that the plaintiff has been guilty of laches and, having elected to stand on the sufficiency of the amended affidavit which he was permitted to file, cannot now invoke the equitable powers of this court to permit him again to amend his affidavit of cause of action.

Another reason appears from the pleadings for the refusal of further relief. The petition filed by the plaintiff requests the court to allow a reargument and to file an amended affidavit of cause of action. A reargument could only be had upon the pleadings already had, and the opinion of our learned colleague holding it insufficient is fully sustained by the authorities which he cites. Plaintiff probably recognized this inconsistency, and the rule he prepared, which was allowed by this court, contained only a rule for leave to file an amended affidavit of cause of action. Moreover, the plaintiff had a right of appeal, and if taken within ten days the appeal automatically would have operated as a supersedeas: Act of April 26, 1917, P. L. 102. The plaintiff did not proceed in accordance with this act and waited more than two months to present the petition and rule now before the court. The attachment, therefore, was dissolved and no res is now within the jurisdiction of the court which is subject to attachment. An amendment, therefore, could not be allowed. See, also, 2 Amram, Pennsylvania Practice (1931), 272.

And now, to wit, July 29, 1932, the rule for leave to file an amended affidavit of cause of action is discharged.