## Fecymycz v. Sielecki et al.

*James A. Cochrane* and *Paul C. VanDyke,* for plaintiff.

*Elgin E. Weest,* for defendants.

SWENEY, J., April 13, 1948.—On March 4, 1932, plaintiffs filed of record a judgment note for $1,500 against defendants as of the above number and term. On November 28, 1941, the judgment was satisfied by plaintiffs. On October 3, 1947, a rule was allowed to show cause why the satisfaction of judgment should not be stricken off. Testimony was taken before Sweney, J., on November 5, 1947, and the case has now been argued before the court.

At the hearing plaintiffs offered certain paragraphs of the petition and corresponding paragraphs of the answer to show admissions and rested. Defendant did not offer any testimony. The uncontradicted testimony is that no part of this loan was ever paid; that plaintiffs have demanded payment on numerous occasions; and, that plaintiffs "authorized the prothonotary . . . to mark said judgment satisfied . . . as a direct result of an inducement or promise by James P. Sielecki to the effect that if petitioner would cause to have said judgment (as well as other similar judgments) marked satisfied, he would promptly repay all loans plus interest in full and their rights would not be jeopardized thereby."

The first question to be decided is whether a bald denial of facts alleged in a petition is sufficient. We are of the opinion that bald denials are not sufficient; that facts upon which defendant depends for his defense, must be alleged in the answer, although it is not necessary to set forth in a pleading the evidence by which the facts are to be proved: Frey v. Dougherty, 286 Pa. 45; George v. George, 318 Pa. 203. We might even go so far as to agree with plaintiffs' contention that the mere denial of facts alleged in plaintiffs' petition is manifestly evasive and warrants the conclusion that there was a total failure of consideration, as otherwise defendants would have averred the real con-

sideration for the satisfaction: Welch v. Sultez, 338 Pa. 583.

We then reach the second and main question for decision. Does the court have authority to strike off the satisfaction of a judgment, where it appears that satisfaction was entered upon defendant's promise to pay debt and interest when satisfaction was entered and then fails and refuses to pay? We feel that this question should be answered in the affirmative.

McKinney v. Fritz, 2 W. N. C. 173, is authority for the proposition that this court has authority and power to inquire into the entry of satisfaction upon its record and to order satisfaction vacated, if the facts show that it was improperly done or without authority. "This is but the exercise of a power necessary to prevent injustice."

In Marcus v. Spitzer, 7 Northumb. 212, the court struck off the satisfaction of a judgment upon facts which disclosed that defendant, a merchant, complained that his credit was affected by a $1,200 note entered against him in favor of plaintiff; that he paid $200 on account and promised to execute and deliver a new note for $1,000, which he failed to do.

In Steelton Finance Co. v. Kireta and Kireta, 46 Dauph. 426, defendants had promised to execute a new note if plaintiffs would satisfy a note of record to allow the placing of a mortgage as a first lien. After the settlement and recording of the new mortgage, defendants refused to sign a new note. In striking off the satisfaction, the court (Hargest, P. J.) says:

"Ordinarily, equitable principles do not apply in a proceeding to strike off a judgment where recourse must be made only to some defect appearing on the face of the record, but the striking off of a satisfaction is like the opening of a judgment—it involves facts, and it must be addressed to the sound discretion of the Court. In such a case equitable principles are to be

applied, because equity permeates all Pennsylvania jurisprudence wherever there is room for the application of equitable principles, so the Courts have not hesitated to strike off the satisfaction of a judgment where the situation requires it in the interest of justice. . . .

"There was no consideration for the satisfaction in this case, and, therefore, justice requires that it should be stricken off."

See also Bowman v. Forney et al., 15 Pa. C. C. 134.

Defendants argue that the judgments were satisfied to avoid the payment of the State and county personal property taxes. There is no proof of this in the record. The striking off of the satisfaction will naturally raise the question as to unpaid taxes; this question is not before us.

Another question which arises is the question of prejudice to intervening creditors. We will take care of this in our decree.