669 A.2d 893

**LUMAX INDUSTRIES, INC., Appellee,**

v.

**Mary Carol AULTMAN, individually, and as owner and operator of MCA, Inc., Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 19, 1995.

Decided Dec. 29, 1995.

Richard H. Galloway, Greensburg, Ronald J. Fonner, Bridgeville, for Mary Aultman.

David P. Andrews, Lisa Passarello, Altoona, for Lumax Ind.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and MONTEMURO, JJ.

### OPINION OF THE COURT

FLAHERTY, Justice.

Lumax Industries, Inc. manufactures fluorescent fixtures. MCA, Inc. ordered and agreed to pay for fixtures which Lumax delivered to third parties. When MCA defaulted on payment, Lumax brought an action for breach of contract against Mary Carol Aultman individually and as the owner and operator of MCA, alleging that Aultman and MCA failed to pay for goods delivered. Lumax sought judgment against Aultman in the amount of $86,304.60 plus costs and interest.

In support of its claim that Aultman was individually responsible for the debts of MCA, Lumax alleged:

13. At all times material hereto, Defendant, Mary Carol Aultman was acting on behalf of herself, unjustly seeking corporate protection.

14. At all times material hereto, Defendant, Mary Carol Aultman was the only person actively involved in the day-to-day operations of MCA, Inc.

Aultman filed preliminary objections in the nature of a demurrer, asserting that Lumax had not adequately pleaded a cause of action on the theory of piercing the corporate veil. The demurrer was denied, the case proceeded to trial, and a jury returned a verdict of $70,000 in favor of Lumax. Post-trial motions were filed and denied, and Aultman appealed to Superior Court.

Superior Court affirmed the denial of the demurrer, stating that the averments in paragraphs 13 and 14 of the complaint

were sufficient to pierce the corporate veil. Paragraphs 13 and 14, set out above, are the only paragraphs in the complaint which have a bearing on this issue. We granted allocatur to address the question of whether the pleadings in this case were sufficient to withstand the demurrer. For the reasons that follow, we conclude that they were not.

 In ruling on a demurrer,

A demurrer can only be sustained where the complaint is clearly insufficient to establish the pleader's right to relief.... For the purpose of testing the legal sufficiency of the challenged pleading a preliminary objection in the nature of a demurrer admits as true all well-pleaded, material, relevant facts ... and every inference fairly deducible from those facts.... The pleader's conclusions or averments of law are not considered to be admitted as true by a demurrer....

Since the sustaining of a demurrer results in a denial of the pleader's claim or a dismissal of his suit, a preliminary objection in the nature of a demurrer should be sustained only in cases that clearly and without a doubt fail to state a claim for which relief may be granted.... If the facts as pleaded state a claim for which relief may be granted under any theory of law then there is sufficient doubt to require the preliminary objection in the nature of a demurrer to be rejected.

*County of Allegheny v. Commonwealth,* 507 Pa. 360, 372, 490 A.2d 402, 408 (1985) (Citations omitted).

Our inquiry, then, is whether Lumax has set out material, relevant, well-pleaded facts which, if true, state a claim for which relief may be granted under any theory of law. In addressing this inquiry, we are mindful that a demurrer admits as true all well-pleaded facts, but does not admit conclusions or averments of law.

 We note at the outset that there is a strong presumption in Pennsylvania against piercing the corporate veil. *Wedner v. Unemployment Board,* 449 Pa. 460, 464, 296 A.2d 792, 794 (1972) ("[A]ny court must start from the general rule

that the corporate entity should be recognized and upheld, unless specific, unusual circumstances call for an exception.... Care should be taken on all occasions to avoid making the entire theory of corporate entity * * * useless. *Zubik v. Zubik,* 384 F.2d 267, 273 (3d Cir.1967)"). Also, the general rule is that a corporation shall be regarded as an independent entity even if its stock is owned entirely by one person. *College Watercolor Group, Inc. v. William H. Newbauer, Inc.,* 468 Pa. 103, 117, 360 A.2d 200, 207 (1976).

■ Commonwealth Court has set out the factors to be considered in disregarding the corporate form as follows: undercapitalization, failure to adhere to corporate formalities, substantial intermingling of corporate and personal affairs and use of the corporate form to perpetrate a fraud. *Department of Environmental Resources v. Peggs Run Coal Co,* 55 Comwlth Ct. 312, 423 A.2d 765 (1980).

*Kaites v. Dept. of Environmental Resources,* 108 Pa.Cmwlth. 267, 273, 529 A.2d 1148, 1151 (1987). See also *Watercolor Group v. Newbauer,* 468 Pa. at 117, 360 A.2d at 207, (corporate veil may be pierced whenever one in control of a corporation uses that control or corporate assets to further his personal interests).

■ We must examine, then, whether the facts pleaded in paragraphs 13 and 14 of the complaint state a cause of action on a theory of piercing the corporate veil. Paragraph 14, which alleges that Aultman was the only person involved in the operation of MCA, is irrelevant and immaterial to the cause of action. As stated above, a corporation is to be regarded as an independent entity even if its stock is owned entirely by one person. *Newbauer,* supra.

■ Paragraph 13, averring that Aultman acted on behalf of herself, unjustly seeking corporate protection, as stated, is a conclusion of law. In order to withstand a demurrer, the pleader must state what Aultman allegedly did that would bring her actions within the parameters of a cause of action based on a theory of piercing the corporate veil. See *Kaites,* supra. As this court stated in *Frey et al. v. Dougherty et al.:*

While it is not necessary to set forth in a pleading the evidences by which facts are to be proved, it is essential that such facts as the pleader depends upon to show the liability sought to be enforced shall be averred....

286 Pa. 45, 48, 132 A. 717, 718 (1926).

The holding in this case well illustrates the sanctity of the corporate structure in Pennsylvania. The corporate veil will not be pierced in this jurisdiction absent the factors of the sort expressed in *Kaites*, supra.

Order of Superior Court is reversed. The judgment is vacated.

ZAPPALA, J., files a dissenting opinion in which NIX, C.J., joins.

MONTEMURRO, J., is sitting by designation as a senior judge as provided by Rule of Judicial Administration 701(f).

ZAPPALA, Justice, dissenting.

Due to the procedural posture of the case, I must dissent. Although I agree that the two averments in paragraphs 13 and 14 were insufficient to withstand a demurrer, I believe this became a moot issue after the trial took place and the jury awarded Lumax a $70,000.00 verdict.

At trial, testimony provided that:

... MCA was established primarily to handle the Kinney orders with Lumax when [Appellant's] father was no longer able to deal with Kinney. [Appellant] testified Lumax comprised 80–85% of the business dealings of MCA. [TT. 31] [Appellant] is the sole officer, shareholder and full-time employee of MCA. The corporation issued no stock and had no fixed assets. [TT. 78, 80] The accountant, Mr. Kays [sic] testified the corporate expenses listed gave the appearance of being unrelated to the business of the corporation. [TT. 83–86] The corporate minutes for the time period of

1/26/87–1/16/90 consisted of three handwritten pages. [TT. 32]

Trial Court Opinion at 5.

The trial court found that, "[w]hether or not the complaint was sufficient to set forth a cause of action is no longer a relevant issue. A jury heard the facts of this case and decided the evidence was sufficient to warrant piercing the corporate veil." Trial Court Opinion at 4–5.

I agree. As evidence was presented at trial to support the piercing of the corporate veil, the deficient pleading cannot now erase what has occurred. Furthermore, it is well-established that the court has the discretion to allow a plaintiff to amend the complaint to conform to the proof at trial. See Pa.R.Civ.P. 1033.

Had the court granted the demurrer, the plaintiff would mostly likely have had the opportunity to amend its pleading and would not have suffered any outright dismissal with prejudice. Thus, the Appellants receive greater relief from the Majority than if their demurrer had been granted, a result I find unacceptable and unjust.[1]

NIX, C.J., joins this Dissenting Opinion.

MONTEMURO, J., participates by designation as a senior judge as provided by Rule of Judicial Administration 701(f).

---

1. The injustice resulting from the majority's conclusion is further demonstrated when compared to similar circumstances in a criminal proceeding. We have held that the Commonwealth's failure to establish a prima facie case at the preliminary hearing is immaterial where at trial the Commonwealth met its burden of proof beyond a reasonable doubt. *Commonwealth v. McCullough*, 501 Pa. 423, 461 A.2d 1229 (1983). See also, *Commonwealth v. Jacobs*, 433 Pa.Super. 411, 640 A.2d 1326 (1994). This sound reasoning should be applicable to the instant civil case when the burden of proof at trial has been met.