## Anthony Biddle Contractors, Inc. v. Preet Allied American Street, L.P.

*Diana A. Dichter*, for plaintiff.
*David E. Stern*, for defendants.

BERNSTEIN, *J.*, October 26, 2010—Plaintiff Anthony Biddle Contractors, Inc. ("Biddle") was a contractor on a condominium construction project (the "condominium") owned by defendant Preet Allied American Street, L.P. ("Preet"). Biddle sued Preet for payment for the work Biddle performed on the condominium. The parties entered into a settlement agreement under which Biddle was to purchase one of the units at the condominium (the "Unit"). Defendant Abington Savings Bank ("Abington") gave Preet a loan to fund the condominium construction and held a mortgage against the entire condominium property.

As part of the settlement between Preet and Biddle, Preet was supposed to convey the unit to Biddle free and clear of Abington's mortgage interest in the condominium. Preet represented to Biddle that Abington had agreed to this condition. Preet failed to close on the sale of the unit, so Biddle filed this lawsuit to enforce the settlement agreement. In the meantime, Abington called a default under the construction loan, confessed judgment against Preet, and executed against

the entire condominium. The condominium was sold at sheriff's sale to defendant American Street Lofts, LLC ("ASL").

Biddle joined Abington and ASL as defendants in this action. Biddle claimed ASL was a mere alter ego of Abington's and asserted claims for specific performance, promissory estoppel, constructive trust, and intentional interference with contract against both defendants. On May 17, 2010, Abington and ASL moved for summary judgment on all of Biddle's claims. On September 22, 2010 this court granted the motion for summary judgment in favor of the defendants. It is from this order that Biddle now appeals.

Biddle failed to produce evidence of facts essential to its claims against ASL. Specifically, Biddle failed to offer any evidence to show that ASL was an alter-ego of Abington or that there were any other grounds for piercing the corporate veil of ASL.[1]

> [T]here is a strong presumption in Pennsylvania against piercing the corporate veil. Any court must start from the general rule that the corporate entity should be recognized and upheld, unless specific, unusual circumstances call for an exception. Care

---

1. "The alter ego theory [of veil piercing] is applicable only where the individual or corporate owner controls the corporation to be pierced and the controlling owner is to be held liable. That is quite distinct from the situation where two or more corporations share common ownership and are, in reality, operating as a corporate combine. This latter theory has been labeled the enterprise entity theory or the single entity theory. *Miners, Inc. v. Alpine Equip. Corp.*, 722 A.2d 691, 695 (Pa. Super. 1998).

should be taken on all occasions to avoid making the entire theory of corporate entity useless.... [T]he factors to be considered in disregarding the corporate form [are] undercapitalization, failure to adhere to corporate formalities, substantial intermingling of corporate and personal affairs and use of the corporate form to perpetrate a fraud.[2]

Biddle did not show that ASL, or Abington, did any of these wrongful things. Therefore, judgment was entered in favor of ASL on all of Biddle's claims.

Biddle failed to produce evidence of facts essential to its claim against Abington for promissory estoppel. Under the theory of promissory estoppel

a promise which the promisor should reasonably expect to induce action or forbearance on the part of the promise or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.[3]

Biddle did not show that Abington made any promise to allow the unit to be sold to Biddle free and clear of Abington's mortgage lien. The only evidence of such promise was an email from Preet's attorney to Biddle's attorney in which Preet's attorney stated that he was "happy to report that the bank has approved our settlement agreement." He did not identify the basis

---

2. *Lumax Indus. v. Aultman*, 543 Pa. 38, 41-42, 669 A.2d 893, 895 (Pa. 1995).
3. *Thatcher's Drug Store v. Consolidated Supermarkets*, 535 Pa. 469, 476, 636 A.2d 156, 160 (Pa. 1994).

for his knowledge. Standing alone, this vague statement by Preet's agent did not establish the existence of Abington's alleged promise to remove its lien, which promise served as the basis for Biddle's entire case against Abington.

Biddle failed to produce evidence of facts essential to its claim against Abington for specific performance.

Specific performance is an equitable remedy that permits the court to compel performance of a contract when there exists in the contract an agreement between the parties as to the nature of the performance. Specific performance should only be granted where the facts clearly establish the plaintiff's right thereto, where no adequate remedy at law exists, and where justice requires it. Further, a plaintiff will not be successful in an action for specific performance if the evidence is so uncertain, inadequate, equivocal, ambiguous, or contradictory as to render findings or legitimate inferences therefrom mere conjecture.[4]

Specific performance may be granted in cases involving the transfer of interests in real property, such as the condominium unit at issue here. However,

The party that would ask a chancellor to decree specific performance in his favor has the burden of proof thrown on him. He knows, or is presumed to know, that the law requires, as evidence of the title to land, that the contract

---

4. *Lackner v. Glosser*, 892 A.2d 21, 31 (Pa. Super. 2006).

[he is trying to enforce] must be made in writing.[5]

Biddle failed to show any oral promise, let alone a written contract, by which Abington agreed to the conveyance of the unit free and clear of Abington's mortgage. Furthermore, since Abington never owned either the condominium or the unit, the court could not compel Abington to transfer the unit to Biddle.

Biddle failed to produce evidence of facts essential to its claim against Abington for constructive trust/unjust enrichment.[6]

The elements of unjust enrichment are benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value. The most significant element of the doctrine is whether the enrichment of the defendant is unjust; the doctrine does not apply simply because the defendant may have benefited as a result of the actions of the plaintiff.[7]

Biddle did not show that it would be unjust for Abington to retain the unit. Biddle did not dispute that Abington had a mortgage lien against the condominium and that

---

5. *Kurland v. Stolker*, 533 A.2d 1370, 1373 (Pa. 1987).

6. "A constructive trust is not a trust in the ordinary sense of the term but simply an equitable remedy designed to prevent unjust enrichment." *Patrick & Wilkins Co. v. Reliance Ins. Co.*, 456 A.2d 1348, 1351 (Pa. 1983).

7. *Commerce Bank v. First Union Nat'l Bank*, 911 A.2d 133, 143-144 (Pa. Super. 2006).

Abington caused the condominium to be sold at sheriff's sale. Biddle's only basis for claiming that Abington's foreclosure was unjust was its allegation that Abington agreed to remove its lien from the unit and, implicitly, not to foreclose against that unit. Since Biddle failed to prove that Abington entered into any such agreement, it failed to prove that Abington's foreclosure against the unit was unjust. Furthermore, Biddle failed to show that it conveyed any benefit on Abington when Biddle agreed to settle its claims against Preet and purchase the unit.

Biddle failed to produce evidence of facts essential to its claim that Abington intentionally interfered with the settlement agreement between Biddle and Preet. The elements of a claim for tortious interference with contract are:

(1) the existence of a contractual relationship between the plaintiff and a third party;

(2) purposeful action on the part of the defendant intended to harm the relationship;

(3) the absence of privilege or justification on the part of the defendant; and

(4) actual damages resulting from the defendant's conduct.[8]

Biddle failed to show that Abington's interference, i.e., the foreclosure, was without privilege or justification.

---

8. *Soeckinger v. Presidential Fin. Corp. of Delaware Valley*, 948 A.2d 828, 834 (Pa. Super. 2008).

Biddle's only basis for claiming that Abington's foreclosure was without justification was its allegation that Abington agreed to remove its lien from the unit and, implicitly, not to foreclose against that unit. Since Biddle failed to prove that Abington entered into any such agreement, it failed to prove that Abington, as mortgagee, lacked the privilege to foreclosure on its mortgage.

Since Biddle failed to prove at least one necessary element of each of its claims against Abington, summary judgment was properly entered in favor of Abington on all of those claims and the decision of the court should be affirmed.