**Roland v. Roland.**

*Sammetria Goodson,* for plaintiff.
*Eric Assini,* for defendant.

GLAZER, *J.,* July 20, 2012—Plaintiff's third motion for partial summary judgment requires this court to

determine whether real property located at 1700-12 N. Front Street, in Philadelphia, Pennsylvania, was owned by corporate defendant Roland Investments, Inc. at the time said property was sold to a third party. For the reasons below, this court finds that the property was owned by the corporate defendant above.

## Background

Plaintiff, Geraldine Roland ("Geraldine Roland" or "plaintiff,") is the widow of decedent Francis Roland ("Francis Roland" or "decedent,") and the personal representative of his estate. Individual defendant William Roland ("William Roland" or "defendant,") is the surviving brother of decedent. Corporate defendant Roland Investments, Inc. ("Roland Investment,") is a corporation based in Philadelphia, Pennsylvania. Roland Investments is successor-in-interest of Reliable Wagon and Automobile Body Builders, Inc. ("Reliable Wagon,") a Philadelphia, Pennsylvania corporation. Roland Investment is 100% owner of real property located at 1605-23 (the "1600 property,") and was owner of another property located at 1700-12 N. Front Street (the "1700 property,") in Philadelphia, Pennsylvania.[1] Until 1995, Roland Investments was entirely owned by Rose Roland, mother of decedent Francis Roland and his surviving brother William Roland. In 1995, Rose Roland sold 100% of her ownership in Roland Investments to her sons, Francis Roland and William Roland, who became 50- 50

---

1. Indenture between the Philadelphia authority for Industrial development and reliable wagon, exhibit A to plaintiff's amended complaint; indenture between Roland Investment f/k/a/ Reliable Wagon as grantor, and James Mayberry, grantee, exhibit A to plaintiff's motion for partial summary judgment (no.3).

owners thereof pursuant to a "Stock purchase agreement." A pertinent section of the Stock purchase agreements states:

> The company [Roland Investments] *owns outright, and has good and marketable title to, all of its properties free and clear of all liens*, pledges, mortgages, security interests, conditional sales contracts or other encumbrances of any nature whatsoever, except for the lien of current real estate taxes not yet due and payable.[2]

After Francis Roland died, his estate sought to liquidate the assets of Roland Investments. However, William Roland denied to the estate any access to the properties, and froze the estate out of all the affairs of Roland Investments. On 17 November 2010, the estate of Francis Roland filed a complaint (the "original complaint,) against William Roland individually, and against corporate defendant Roland Investments. Count I of the original complaint sought the appointment of a receiver as to Roland Investments, and count II sought liquidation of the 1600 property. At the time the original complaint was filed, the estate of Francis Roland was unaware that Roland Investments also owned the 1700 property. Consequently, the original complaint did not identify the 1700 property as an asset of Roland Investments, and did not seek liquidation thereof.

On June 7, 2011, while the instant litigation was pending, Roland Investments sold the 1700 property to an individual named James Mayberry. The property was sold

---

2. Stock purchase agreement, § 4.5, attached as exhibit B to motion for partial summary judgment (no.3) of plaintiff. (Emphasis supplied).

without the knowledge of the estate. The deed transferring the property from Roland Investments to James Mayberry was signed by William Roland as president of Roland Investments.[3] Roland Investments received consideration in the amount of $45,000 from the sale.[4] In the course of discovery, the estate of Francis Roland became aware that Roland Investments had been owner of the 1700 property, and that the property had been sold some time after commencement of the instant action.

On July 1, 2011, the estate of Francis Roland filed a motion for summary judgment no. 1. Through this motion, the estate sought an order declaring that the 1600 and 1700 properties were owned by Roland Investments. On 22 August 2011, this court granted the motion in part, finding that Roland Investment owned the 1600 property, and William Roland, and the estate of Francis Roland, were 50-50 owners of Roland Investments. This court declined to rule on the 1700 property because the original complaint had not asserted any claims regarding that property.

On September 7, 2011, the estate of Francis Roland filed a motion for partial summary judgment No. 2. Through this motion, the estate sought an order declaring that Roland Investment was owner of the 1700 property at the time William Roland sold it to James Mayberry.[5] Subsequently, on October 21, 2011, the estate of Francis Roland filed a

---

3. Indenture between reliable wagon & Automobile Body Builders Inc. [Roland Investments,] and James Mayberry, exhibit A to plaintiff's motion for partial summary judgment (no. 3).

4. Philadelphia real estate transfer tax certification, exhibit A to plaintiffs motion for partial summary judgment.

5. Suggested order attached to plaintiff's motion for partial summary judgment, control no. 11090820.

motion for leave of court to amend complaint. Through this motion, the estate recognized that its original complaint had not asserted any claims as to the 1700 property, and sought leave of court to rectify the error.[6] On December 21, 2011, this court granted the motion for leave to amend complaint, and declared moot the estate's motion for partial summary judgment no. 2.

On December 22, 2011, plaintiff filed its amended complaint. The amended complaint asserts inter alia that the estate of Francis Roland is the owner of 50% of the value of the 1700 property.[7] On January 10, 2012, William Roland filed an answer with new matter and counterclaim to the amended complaint of plaintiff. The new matter asserted defenses based on impossibility of performance, statute of limitations and laches. The counterclaim asserted that the stock purchase agreement, which contemplated a 50-50 ownership interest in Roland Investment between Francis Roland and William Roland, was later superseded by a substantially different arrangement pursuant to an oral agreement between the two brothers.[8]

On January 17, 2011, the estate of Francis Roland filed the instant motion for partial summary judgment no. 3. Through this motion, the estate seeks an order declaring that the 1700 property was owned by Roland Investments at the time it was sold to James Mayberry. The motion also asks this court to rule that 1/2 of the property's value "is now payable to [the estate of Francis Roland] by the

<hr>

6. Motion for leave of court to amend complaint, control no. 11102294.

7. Amended complaint, ¶¶ 10, 19.

8. Answer with new matter and counterclaim to plaintiff's amended complaint, ¶¶ 45-46, 50.

individual defendant," William Roland.[9] The parties have fully briefed the motion which is now ripe for a decision.

## Discussion

The [Pennsylvania Rules of Civil Procedure] instruct in relevant part that the court shall enter judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense that could be established by additional discovery. Under the rules, a motion for summary judgment is based on an evidentiary record that entitles the moving party to a judgment as a matter of law. For purposes of summary judgment, the record includes any pleadings, interrogatory answers, depositions, admissions, and affidavits.... In considering the merits of a motion for summary judgment, a court views the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Finally, the court may grant summary judgment only where the right to such a judgment is clear and free from doubt.[10]

In this case, the evidence of record shows unequivocally that Roland Investments, formerly doing business as Reliable Wagon, sold the property located at 1700-12 N. Front Street, in Philadelphia, Pennsylvania.[11] The deed

---

9. Suggested order attached plaintiffs motion for partial summary judgment no. 3.

10. *Scalice v. Pa. Emples. Benefit Trust Fund*, 584 Pa. 161, 171-172, 883 A.2d 429, 435-436 (2005).

11. Deed attached as exhibit A to plaintiff's motion for partial summary judgment.

shows that Roland Investments received consideration in the amount of $45,000 from the sale of the property, and that William Roland, in his capacity as president of Roland Investments, executed the deed of sale. In addition, the stock purchase agreement, executed in 1995 by Rose Roland, Francis Roland and William Roland, shows that Francis Roland and William Roland each acquired a 50% share in Roland Investments from Rose Roland.[12] When Francis Roland died, his ownership interest in Roland Investment passed to his estate. It follows that the estate of Francis Roland, and William Roland, were each entitled to 1/2 of the 1700 property.

Opposing the motion for partial summary judgment, William Roland asserts that he and Francis Roland entered into an oral contract which superseded the ownership terms contained in the prior stock purchase agreement. This argument fails under the statute of frauds which "mandates that contracts for the sale of real property be in writing."[13] The Pennsylvania Superior Court has articulated the reasons why the statute of frauds requires real estate transactions to be in writing. The Superior Court explained that "[t]he purpose of the statute [of frauds] is to prevent the possibility of enforcing unfounded, fraudulent claims, by requiring that contracts pertaining to interests in real estate be supported by written evidence signed by the party creating the interest."[14] Here, William Roland asserts that he and decedent Francis Roland

---

12. Stock purchase agreement, attached as exhibit B to plaintiff's motion for partial summary judgment.

13. *Rosen v. Rittenhouse Towers*, 334 Pa. Super. 124, 130-131 (Pa. Super. Ct. 1984).

14. *Id.*

entered into an oral contract to split the real property of Roland Investments in a way that deviated from the 50-50 allocation contemplated by the stock purchase agreement. However, William Roland may not challenge the ownership terms in the stock purchase agreement by alleging an oral contract because such a contract violates the requirements of the statute of frauds. As William Roland cannot prove the existence of an oral contract, the motion for partial summary judgment of the estate of Francis Roland is granted-in-part and denied-in-part. The portion of the motion seeking to declare that the 1700 property was owned by Roland Investments at the time the property was sold to James Mayberry is granted. The portion of the motion asking this court to rule that 1/2 of the fair value of the 1700 property "is now payable to plaintiff by the individual defendant" is denied. This portion of the motion is denied because plaintiff effectively asks this court to pierce the corporate veil of Roland Investments, and hold individual defendant William Roland accountable for the actions of the corporate defendant. To pierce the corporate veil of Roland Investments and recover from individual defendant William Roland, if at all, the estate of Francis Roland must show that William Roland undercapitalized Roland Investments, failed to adhere to the corporate formalities thereof, substantially inter-mingled his affairs with those of the corporation, or used Roland Investments to perpetrate a fraud.[15]

---

15. *Lumax Indus, v. Aultman*, 543 Pa. 38, 42; 669 A.2d 893, 895 (Pa. 1995). Any attempt to pierce the corporate veil must comply with Pa. R.C.P. 1033 which states: "A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action ... or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the

The counterclaim of defendant William Roland is dismissed.

The court shall simultaneously issue an order consistent with this memorandum opinion.

## ORDER

And now, July 20, 2012, upon consideration of the motion for partial summary judgment no. 3 of plaintiff, the estate of Francis Roland, the response in opposition of defendants, William Roland and Roland Investments, Inc., the respective memoranda of law, and plaintiff's supplemental brief, it is ordered as follows:

I. The motion for partial summary judgment is granted-in-part. The property located at 1700-12 N. Front Street, in Philadelphia, Pennsylvania, was an asset owned by defendant Roland Investments, Inc. until 7 June 2011, the day the asset was sold to a third party. It is further ordered that Roland Investments, Inc. is 50% owned by plaintiff, the estate of Francis Roland, and 50% owned by individual defendant, William Roland.

II. The motion for partial summary judgment is denied as to the portion of the motion asking this court to rule that individual defendant William Roland is personally obligated to pay to the estate of Francis Roland 1/2 of the "fair value"[16] of the property located at 1700-12 N. Front Street, in Philadelphia, Pennsylvania, for the reasons stated in the attached memorandum opinion.

---

original pleading, even though they give rise to a new cause of action or defense...."

16. Suggested order attached to plaintiff's motion for partial summary judgment.