J-S01027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RODMAN AZAR D/B/A AZAR COMMERCIAL PROPERTIES | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1318 MDA 2018 |
| | : | |
| BRUCE LUTZ AND CRYSTAL RITTER, INDIVIDUALLY AND D/B/A PIONEER PAVEMENT, LLC | : | |

Appeal from the Order Entered March 12, 2018
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  16 CV 3902

BEFORE:   PANELLA, P.J., MURRAY, J., and PELLEGRINI*, J.

MEMORANDUM BY MURRAY, J.:                   **FILED FEBRUARY 19, 2019**

Rodman Azar, d/b/a Azar Commercial Properties (Appellant), appeals *nunc pro tunc* from the trial court's order granting his petition to dismiss his breach of contract claims against Pioneer Pavement, LLC (Pioneer).  Appellant challenges the court's earlier order sustaining the Defendants' preliminary objections and dismissing Bruce Lutz (Lutz) and Crystal Ritter (Ritter) individually from the case.  We affirm.

_____

* Retired Senior Judge assigned to the Superior Court.

Appellant brings this case to our Court for the fourth time.[1] On December 11, 2014, Appellant filed a breach of contract claim in Lackawanna County against Pioneer, averring that Pioneer failed to perform paving and related work despite Appellant having paid for it. **See** Trial Court Statement in Lieu of Opinion (Opinion), 10/16/18, at 1, *citing* Lackawanna County Docket 14 CV 7662. This complaint resulted in a default judgment of $15,173.70 against Pioneer, entered on February 12, 2016. "Appellant transferred execution to Berks County, wherein . . . Appellant discovered [Pioneer's] assets were held by individual Defendants/Appellees" Lutz and Ritter. **Id.**

On July 1, 2016, Appellant commenced an action against Lutz and Ritter, individually and d/b/a Pioneer (collectively, the Defendants). The complaint raised one count of breach of contract and alleged that Appellant "contracted individually with Bruce [Lutz] and Crystal Ritter to do business," Appellant paid the Defendants, but "the [D]efendants" failed to perform under the contract. Appellant's Complaint, 7/1/16, at 2-3 (unpaginated). Attached to the complaint were two invoices, both stating Appellant's and Pioneer's names, but not Lutz's or Ritter's names; describing the work to be performed by Pioneer; stating the balance-due amounts of, respectively, $4,021.49 and

---

[1] **See Azar v. Lutz**, 542 MDA 2018 (*per curiam* order) (Pa. Super. May 25, 2018); **Azar v. Lutz**, 769 MDA 2017 (unpublished memorandum) (Pa. Super. Nov. 9, 2017); **Azar v. Lutz**, 1773 MDA 2016 (*per curiam* order) (Pa. Super. Feb. 2, 2017).

$11,152.21; and bearing the handwritten notation "paid." *Id.* at Exhibits A, B. The complaint sought $15,173.70 in damages — the same amount as the default judgment in Appellant's prior action against Pioneer.

"On August 5, 2016, Lutz and Ritter filed preliminary objections, averring, *inter alia*, that the complaint failed to support a contract claim against Lutz and Ritter individually, and requested the complaint be dismissed with prejudice." **Azar**, 769 MDA 2017 (unpublished memorandum) at 1-2. Appellant filed a brief in opposition, claiming, for the first time, that Lutz and Ritter created Pioneer "as a sham corporate veil to protect the assets of their paving company," and that discovery was "necessary to determine the extent of the fraud by . . . Lutz and . . . Ritter in forming Pioneer." Appellant's Brief in Opposition to Defendants' Preliminary Objections, 9/20/16, at 2-3 (unpaginated). Following argument, the trial court issued an order (9/28/16 Order) sustaining the Defendants' preliminary objections and dismissing the individual defendants Lutz and Ritter.

Appellant filed a notice of appeal, but on February 2, 2017, this Court issued a *per curiam* order to quash. We held that the 9/28/16 Order was not a final, appealable order because claims against Pioneer remained pending. **Azar v. Lutz**, 1773 MDA 2016 (*per curiam* order) (Pa. Super. Feb. 2, 2017), *citing* Pa.R.A.P. 341(b)(1) (final order is any order that disposes of all claims and all parties).

Approximately two and a half months later, Appellant filed a "motion for

interlocutory appeal permission" with the trial court, requesting the court to certify the 9/28/16 Order as both an appealable interlocutory order and a final order. Pertinently, we note that the motion averred that "[t]his matter was instituted by filing a Breach of Contract and Fraud Complaint." Appellant's Motion for Interlocutory Appeal Permission, 4/19/17, at 1. The trial court issued an order (4/19/17 Order) that same day, directing, without further discussion, that the clerk of courts mark the 9/28/16 Order as a final order. Appellant again appealed.

On November 9, 2017, a merits panel of this Court quashed the appeal, once more determining that the 9/28/16 Order was not a final order. *Azar*, 769 MDA 2017. This Court reasoned: (1) that the court's 4/19/17 Order (certifying the 9/28/16 Order as final) did not include the language required by Pa.R.A.P. 341(c) that "an immediate appeal would facilitate resolution of the entire case"; and (2) again, that the 9/28/16 Order did not dispose of all the parties, where "Lutz and Ritter d/b/a Pioneer" remained in the case. *Id.* at 4-5.

Four months later, on March 12, 2018, Appellant filed a second "motion for interlocutory appeal permission." Appellant argued that because he previously obtained a judgment against Pioneer, the trial court's 9/28/16 Order, "[f]or all intents and purposes . . . concluded the matter." Appellant's Motion for Interlocutory Appeal Permission, 3/12/18, ¶¶ 3-4. The motion further requested that Appellant's claim against Pioneer be dismissed without

prejudice.  On the same day, the trial court issued an order (3/12/18 Order) dismissing without prejudice the parties "Lutz and Ritter d/b/a Pioneer."

Appellant took an appeal from the 3/12/18 order.  This Court, however, dismissed the appeal on May 25, 2018 for failure to file a docketing statement. ***Azar v. Lutz***, 542 MDA 2018 (*per curiam* order) (Pa. Super. May 25, 2018). Appellant then filed a motion with this Court for leave to file a docketing statement *nunc pro tunc*, citing a breakdown in this Court's notice to him. This Court denied Appellant's motion without prejudice for him to seek *nunc pro tunc* relief in the trial court.

On August 1, 2018, Appellant filed a motion in the trial court for leave to file an appeal *nunc pro tunc*, which the trial court granted the same day. Appellant then filed a timely notice of appeal from the 3/12/18 Order (dismissing Lutz and Ritter d/b/a Pioneer).  The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement, and he timely complied.[2]  The trial court

---

[2] Appellant's Rule 1925(b) statement improperly included a 2-page summary of the facts and procedural history and 1 page of argument.  The statement did not clearly identify the ruling that Appellant wished to challenge on appeal, but instead argued, *inter alia*, "The Court upon Preliminary Objections failed to allow . . . Appellant to engage in discovery to delve into the questions of the fraudulent formation of a Limited Liability Company."  Appellant's Concise Statement, 9/4/18, at 3 (unpaginated).  We remind Appellant's counsel that a Rule 1925(b) "[s]tatement shall set forth only those rulings or errors that the appellant intends to challenge," "shall concisely identify each ruling or error," and "should not be redundant or provide lengthy explanations as to any error."  ***See*** Pa.R.A.P. 1925(b)(4)(i)-(ii), (iv).

filed its opinion on October 16, 2018.[3]

Appellant presents one issue for our review:

Whether the Trial Court erred in granting a demurrer of the [Defendants] dismissing [the Defendants] before discovery was even permitted to be conducted into the fraudulent formation of a Limited Liability Company.

Appellant's Brief at 7.

Appellant challenges the trial court's 9/28/16 Order sustaining the Defendants' preliminary objections and dismissing Lutz and Ritter individually from the case.[4]  Appellant argues that his "lawsuit" alleged that Lutz and Ritter "engaged in a fraudulent formation of" Pioneer, that he "alleged sufficient facts in [his] complaint to prove fraud," and that he "should be permitted to pursue [his] judgment directly against the individuals."  Appellant's Brief at 11, 16. Appellant asserts that the court should have denied the Defendants' preliminary objections because there existed a genuine issue of fact as to whether Lutz and Ritter fraudulently formed Pioneer.  *Id.* at 14.  Appellant further claims that the court should have permitted discovery, which he maintains would "show the length and brea[d]th of the fraud perpetrated by"

_____

[3] The Honorable Michael Barasse, who wrote the opinion, deferred to the reasoning set forth in the 9/28/16 Order, which was issued by the Honorable Peter O'Brien.  Trial Court Opinion, 10/16/18, at 4-5.

[4] Because the 3/12/18 Order dismissed the remaining defendants, it was final and appealable, *see* Pa.R.A.P. 341(b)(1), and on appeal, Appellant may now challenge the trial court's prior ruling.  *See K.H. v. J.R.*, 826 A.2d 863, 871 (Pa. 2003) (appeal from an order dismissing the remaining claim or party is sufficient to bring for review earlier issued orders).

Lutz and Ritter and demonstrate that Pioneer "was merely a shell name that had no assets or no true use as a corporation." *Id.* at 16. We disagree.

Our Supreme Court has explained:

A demurrer can only be sustained where the complaint is clearly insufficient to establish the pleader's right to relief. . . . For the purpose of testing the legal sufficiency of the challenged pleading a preliminary objection in the nature of a demurrer admits as true all well-pleaded, material, relevant facts . . . and every inference fairly deducible from those facts. . . . The pleader's conclusions or averments of law are not considered to be admitted as true by a demurrer. . . .

Since the sustaining of a demurrer results in a denial of the pleader's claim or a dismissal of his suit, a preliminary objection in the nature of a demurrer should be sustained only in cases that clearly and without a doubt fail to state a claim for which relief may be granted. . . . If the facts as pleaded state a claim for which relief may be granted under any theory of law then there is sufficient doubt to require the preliminary objection in the nature of a demurrer to be rejected.

*Lumax Industries, Inc. v. Aultman*, 669 A.2d 893, 894-95 (Pa. 1995) (citation omitted). "While it is not necessary to set forth in a pleading the evidences by which facts are to be proved, it is essential that such facts as the pleader depends upon to show the liability sought to be enforced shall be averred." *Id.* at 895 (citation omitted).

Further, "there is a strong presumption in Pennsylvania against piercing the corporate veil." *Id.*

[T]he factors to be considered in disregarding the corporate form [are]:

undercapitalization, failure to adhere to corporate formalities, substantial intermingling of corporate and personal affairs and use of the corporate form to perpetrate

- 7 -

a fraud.

*Id.*

In *Lumax*, the plaintiff manufacturer, Lumax, brought a breach of contract action against the defendant, Mary Carol Aultman, individually and as the owner of a corporation.

> In support of its claim that Aultman was individually responsible for the debts of [the corporation], Lumax alleged:
>
> 13. At all times material hereto, Defendant . . . Aultman was acting on behalf of herself, unjustly seeking corporate protection.
>
> 14. At all times material hereto, Defendant . . . Aultman was the only person actively involved in the day-to-day operations of [the corporation].

*Id.* at 894. The Supreme Court observed that these were "the only paragraphs in the complaint which have a bearing on [the corporate veil] issue." *Id.* Aultman filed preliminary objections in the nature of a demurrer, asserting that Lumax had not adequately pleaded a cause of action on the theory of piercing the corporate veil. The trial court denied the demurrer, and Lumax ultimately won a jury verdict.

On appeal, the Supreme Court considered whether Lumax's complaint "set out material, relevant, well-pleaded facts which, if true, state a claim for which relief may be granted under any theory of law." *Lumax*, 669 A.2d at 895. The Court held that Lumax's averment "that Aultman acted on behalf of herself, unjustly seeking corporate protection," was "a conclusion of law." *Id.* The Court thus reasoned that in order to withstand a demurrer, Lumax had to

"state what Aultman allegedly did that would bring her actions within the parameters of a cause of action based on a theory of piercing the corporate veil." *Id.* Because Lumax failed to do so, the Court vacated the judgment in favor of Lumax. *Id.*

In this case, the trial court's 9/28/16 Order cited **Lumax** and opined that "the documents attached to [Appellant's] Complaint show[ed] that the contract and payment were made with the corporation [and] not the individual Defendants."[5] Order, 9/28/16. Upon review, we note that Appellant's complaint did not plead any facts that would support a theory of piercing the corporate veil. **See Lumax**, 669 A.2d at 895. The only averments relevant to the formation of Pioneer were statements that Lutz and Ritter were individuals "and also d/b/a Pioneer." Appellant's Complaint, 7/1/16, at 1. Like the complaint in **Lumax**, Appellant's complaint did not set forth any facts concerning "undercapitalization, failure to adhere to corporate formalities, substantial intermingling of corporate and personal affairs [or] use of the corporate form to perpetrate a fraud." **See Lumax**, 669 A.2d at 895. Although Appellant **subsequently** argued (in opposition to the Defendants' preliminary objections) that Lutz and Ritter committed fraud and created Pioneer "as a sham corporate veil," Appellant's Brief in Opposition to

---

[5] We thus reject Appellant's claim that the trial court "did not provide any written substantive basis for the dismissal [of the individual defendants] but simply granted the Preliminary Objections[.]" **See** Appellant's Brief at 12.

Defendants' Preliminary Objections, 9/20/16, at 2-3, the trial court, in considering the Defendants' preliminary objections in the nature of a demurrer, properly reviewed the legal sufficiency of the complaint. **Lumax**, 669 A.2d at 895. Furthermore, we agree with the trial court that the invoices attached to Appellant's complaint did not support Appellant's claim that he contracted with Lutz and Ritter individually. As stated above, the two invoices named only Pioneer and Appellant, and made no mention of Lutz or Ritter.

For these reasons, we discern no basis upon which to disturb the 9/28/16 Order sustaining the Defendants' preliminary objections and dismissing Lutz and Ritter individually.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2019

- 10 -