[J-103A-2020 and J-103B-2020] [MO: Wecht, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| RYAN FELL MORTIMER, | : | No. 37 MAP 2020 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Superior Court dated December 12, |
| | : | 2019 at No. 3583 EDA 2018 |
| v. | : | Affirming the Judgment of the |
| | : | Chester County Court of Common |
| | : | Pleas, Civil Division, entered |
| MICHAEL ANDREW MCCOOL, RAYMOND | : | November 30, 2018 at No. 2012- |
| CHRISTIAN MCCOOL, ESTATE OF | : | 10523-MJ |
| RAYMOND R. MCCOOL AND MCCOOL | : | |
| PROPERTIES, LLC, | : | ARGUED:  December 2, 2020 |
| | : | |
| Appellees | : | |
| | | |
| RYAN FELL MORTIMER, | : | No. 38 MAP 2020 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Superior Court dated December 12, |
| | : | 2019 at No. 3585 EDA 2018 |
| v. | : | Affirming the Judgment of the |
| | : | Chester County Court of Common |
| | : | Pleas, Civil Division, entered |
| 340 ASSOCIATES, LLC AND MCCOOL | : | November 30, 2018 at No. 2012- |
| PROPERTIES, LLC, | : | 02481-IR |
| | : | |
| Appellees | : | ARGUED:  December 2, 2020 |


## CONCURRING OPINION


**JUSTICE DONOHUE**                                                   **DECIDED:  July 21, 2021**

I join the majority opinion.

I write separately to clarify what we did and did not do in this appeal.  We granted

allowance of appeal limited to a single issue:  Whether we should adopt the "enterprise

theory" or "single entity theory" of piercing the corporate veil to prevent injustice when two

or more sister companies operate as a single corporate combine? *Mortimer v. McCool*, 236 A.3d 1043 (Pa. 2020) (per curiam). Given the Majority's recognition that enterprise piercing is aptly described as triangular, it requires "reverse-piercing," a mechanism by which liability passes through the common owner to the sibling corporation. Majority Op. at 35. As stated by the Majority, enterprise liability must run up from the debtor corporation to the common owner and from there down to the targeted sister corporation. *Id.* Consequently, in this case, the "run up" is from 340 Associates to the McCool brothers and the legitimacy of the relationship between this limited liability company and its members is embedded in our analytical framework. However, we did not grant allowance of appeal on the trial court's determination or its reasoning in refusing to pierce the corporate veil of 340 Associates.[1] In the interest of purely capturing the sole issue of whether to adopt an enterprise theory of liability, we specifically refused to examine the trial court's application of traditional veil piercing jurisprudence. Viewed through this lens, we accepted a case stripped of any potential error in the application of the factors enunciated in *Lumax Industries, Inc. v. Aultman*, 669 A.2d 893 (Pa. 1995), so that our decision would be laser focused on the singular issue of enterprise liability.

---

[1] We expressly denied allocatur "as to all remaining issues[,]" *Mortimer v. McCool*, 236 A.3d at 1043, namely,

> (1) Whether the Superior Court's failure to consider public policy rationale in this equitable veil piercing action is of substantial public importance because of the risk of irreparable harm it poses to citizens of our Commonwealth.

> (2) Whether the Superior Court [o]pinion conflicts with Pennsylvania [l]aw regarding equitable veil piercing actions by following an improperly restrictive approach to veil piercing?

Petition for Allowance of Appeal, 1/13/2020, at 1-2.

While I continue to agree that our limited grant of allowance of appeal was appropriate given the complexities of the issue accepted, I write to make clear my understanding that we have not placed this Court's imprimatur on the trial court's or the Superior Court's analysis or conclusions regarding Mortimer's attempt to pierce the corporate veil of 340 Associates to reach the assets of its members.[2]  From my perspective, in a case involving an involuntary creditor, the interplay between undercapitalization for piercing purposes, The Pennsylvania Liquor Code[3] and an uninsured limited liability company as the holder of a license to sell liquor whose sole purpose is to hold the license for investment purposes is a subject ripe for consideration by this Court.  Given the scope of the grant of allowance of appeal, that consideration must await another case.

Chief Justice Baer joins this concurring opinion.

---

[2] *Salazar v. Allstate Ins. Co.*, 702 A.2d 1038, 1043 n.10 (1997) (stating that the fact that this Court denied allowance of appeal in two other cases "is of no indication of our endorsement of the reasoning used by the Superior Court in those matters").

[3] 47 P.S. §§ 1-101–10-1001.